SAUL v. UNITED STATES FIDELITY & GUARANTY CO.

(Supreme Court, Appellate Division, First Department.   April 11, 1902.)

1. AUCTIONEERS—LICENSES—BONDS—SURETY—LIABILITY.

Laws 1897, c. 682, requires auctioneers in cities of 1,000,000 inhabitants and over to procure licenses, and execute bonds conditioned for their accounting for the proceeds of property intrusted to them. The act became a law May 23, 1897, after having been accepted by the old city of New York,—the only city affected.   Laws 1897, c. 378 (Greater New York Charter, § 34), authorizes the city clerk to grant licenses to auctioneers on their filing a sufficient bond, and empowers the president of the council, in specified cases, to revoke such licenses.   Section 1610 extends to the new city all acts of a general and permanent character relating to the old city in force when the act went into effect (January 1, 1898).   Const. art. 12, § 2, requires the submission of any bill relating to a city to the city authorities for their approval or rejection.   *Held*, that Laws 1897, c. 682, was extended to the new city, without the necessity of the approval of its officers, it having been in force at the time the new charter went into effect; and therefore a surety on an auctioneer's bond was liable for the latter's failure to account for the proceeds of the sale of property intrusted to him for sale.

2. SAME—COMPLAINT—ISSUANCE OF LICENSE—SUFFICIENCY OF ALLEGATION.

A complaint in an action against a surety on an auctioneer's bond for the latter's failure to account for the proceeds of the sale of property intrusted to him, which alleges that the auctioneer was licensed for the year 1899, and filed the proper bond, and that he applied for a license for the year 1900, and filed a bond, and that pursuant "to such licenses, and each of them," he entered on the business of auctioneer, sufficiently avers that he was licensed for the year 1900.

Appeal from special term, New York county.

Action by Julius Saul against the United States Fidelity & Guaranty Company.   From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Leonidas Dennis, for appellant.

Felix H. Levy, for respondent.

INGRAHAM, J.   The action is brought to recover upon a bond given by one Solomon M. Grouse, as principal, and the defendant, as surety, upon an application by Grouse for a license as auctioneer in the city of New York.   The condition of the bond, which is annexed to the complaint, is that:

"If the said Solomon M. Grouse and his copartners, and his and their clerks, agents, and servants, shall well and truly carry on his said business of auctioneer, and in all things obey and conform to all laws of the state of New York, and all ordinances and resolutions of the municipal assembly of the said the city of New York now in force, or hereafter to be adopted, relating especially to the business of auctioneer in the said the city of New York, then this obligation to be void; otherwise, to remain in full force and effect."

The complaint alleges that Grouse made application to the city clerk of the city of New York for a license to carry on the business and occupation of an auctioneer in the city of New York pursuant to the statutes of this state, and presented his bond, duly executed

by himself, as principal, and the defendant, as surety, in the penal sum of $2,000, in accordance with the statutes of this state, and that upon the filing of the aforesaid bond a license was issued by him on the 5th day of June, 1899, to the said Grouse, permitting him to engage in and carry on the business and occupation of an auctioneer for a period of one year from the said date; that upon the expiration of the said license, and on or about the 19th of June, 1900, the said Grouse made application to the said city clerk for the continuation of the said license, or a new license permitting him to carry on the said business and occupation of an auctioneer, and duly presented his bond, duly executed by himself, as principal, and the defendant, as surety, in the penal sum of $2,000; that pursuant to the said licenses, and each of them, the said Grouse entered into and carried on said business and occupation of auctioneer in the city of New York, and that on or about the 10th day of March, 1900, the plaintiff dealt with the said Grouse as such auctioneer, and consigned to him for sale at auction a large quantity of goods and merchandise, of the value of $10,500; that between the months of March and September, 1900, the defendant sold at auction the said goods and merchandise so consigned for sale by the plaintiff, but that during said times, and ever since, he has refused and neglected to turn over to this plaintiff, or to account to him for, a part of the money arising from the said sales, to the amount of about $2,000, and converted the same to his own use; that by reason of such neglect and refusal and conversion the said Grouse cheated and defrauded the plaintiff, and did not well and truly carry on his said business or occupation of auctioneer, and did not in all things obey and conform to all the laws of the state of New York and all ordinances and resolutions of the municipal assembly of said city now in force, or hereafter to be adopted, relating especially to the business of auctioneer in the said city of New York, according to the conditions of the said bonds; that prior to the 6th day of December, 1900, the plaintiff, pursuant to the statutes of this state, complained in writing of the fraud practiced upon him by the said Grouse, to the president of the municipal council of the city of New York, and that on said day the said president, due notice and opportunity of defense having been given, took the testimony of both parties (the plaintiff and the said Grouse), under oath, relating to the charge of fraud contained in the said complaint; that after such hearing, pursuant to the authority vested in him by section 34 of the Greater New York charter (chapter 378, Laws 1897), the said president found and determined that the said charges were, in his opinion, sustained, and revoked the license granted to the defendant auctioneer, and that the plaintiff has demanded of the said Grouse that he account for said moneys, and pay the same to the plaintiff, but that the said Grouse has wholly neglected and refused to do so; that due notice thereof was given to the defendant, and thereupon payment demanded of the defendant of the said sum of $2,000, but that the defendant has wholly refused and neglected so to pay.

By chapter 682 of the Laws of 1897 it is provided that no person shall carry on the business of auctioneer in cities of 1,000,000 in-

habitants and over without first having obtained from the mayor of said city a license authorizing such person to carry on the business of auctioneer, and that a license fee of $250 per annum shall be paid to the city.  Section 4 provides that all auctioneers, before the license to them issued shall become operative, shall file with the comptroller or city treasurer of the city in which they shall be licensed a bond in the penal sum of $2,000.  Section 5 provides that:

"The sureties upon a bond as provided in section one hereof shall be liable for breach of contract or of duty towards the person or persons consigning goods for sale, as well as for the other acts, omissions and matters now provided by law."

By section 34 of the charter of the city of New York (chapter 378, Laws 1897) it is provided that:

"The city clerk shall have authority to grant licenses to any person engaged in and carrying on the business and occupation of auctioneer, or desiring to be so engaged, on such person filing a bond approved by him with two good sureties in the penal sum of $2,000.  The president of the council, on complaint of any person having been defrauded by any auctioneer, or by the clerk, agent or assignee of such auctioneer, doing business in such city, is authorized and directed to take testimony under oath relating thereto; and if the charge shall in his opinion be sustained, he shall revoke the license granted to him and direct the bonds to be forfeited."

If these provisions were in force at the time of the giving of these bonds, and of the default of the auctioneer in accounting to the plaintiff for the proceeds of the sale of goods consigned to the auctioneer for sale by the plaintiff, it would seem that the surety upon the bond is liable for the breach of the auctioneer's duty to account to the plaintiff for the proceeds of the goods consigned to and sold by the auctioneer.  The act of 1897 became a law on May 23d of that year.  The charter of the new city of New York became a law on May 4, 1897.  Section 1610 of the charter provides that:

"All the provisions of all acts of the legislature of the state of New York * * * of a general and permanent character, relating to the corporation heretofore known as the mayor, aldermen and commonalty of the city of New York, in force at the time this act goes into effect, which are consistent with this act and its purposes, and which are not revised and included in or the subject matter thereof covered by this act, are hereby extended to the city of New York as herein constituted, so far as they are consistent with this act and are not in their nature locally inapplicable to other portions of the city than the corporation heretofore known as the mayor, aldermen and commonalty of the city of New York."

Section 1611 of the charter provides that "this act shall take effect on the first day of January in the year 1898."

As chapter 682 of the Laws of 1897 was in force on the 1st day of January, 1898, the time that the new charter went into effect, the provisions of section 5 of that act, so far as it imposed upon the surety a liability for a breach of contract or of a duty towards a person consigning goods for sale, and was not revised and included in, or covered by, the charter, would appear to be, by the terms of section 1610 of the charter, extended to the city of New York, as therein constituted.  It would appear, therefore, that a bond given after the 1st day of January, 1898, under the provisions of chapter 682 of the Laws of 1897, and section 34 of the charter, would

be a statutory bond, and the surety would be liable to a person consigning goods to the auctioneer for sale for a breach of a contract or a duty of the auctioneer to such person.

It is claimed, however, that chapter 682 of the Laws of 1897 is void as to the city of New York, under section 2 of article 12 of the constitution, which provides that laws relating to the property, affairs, or government of cities shall not be passed until such laws shall have first been submitted to the local authorities for their approval. It appears that chapter 682 of the Laws of 1897 applied at the time of its passage to but one city in this state, namely, the city known as the "Mayor, Aldermen, and Commonalty of the City of New York," and that the act was duly transmitted to the mayor of the city of New York as then constituted, and was approved by him. The contention of the appellant is that the act is void, as not being approved by the mayor of the new city of New York, as constituted by the new charter, passed prior to the passage of the act of 1897, but which did not go into effect until January 1, 1898. It is quite clear, however, that the mayor, aldermen, and commonalty of the city of New York, as then constituted, was the only city to which chapter 682 of the Laws of 1897 applied. There was no other city then in existence to which the act could apply. When this act was passed there was no mayor of the new city of New York. There was in fact no city of New York, except the city to the mayor of which the act was transmitted; and, the mayor of that city having approved the act, it was duly accepted by the city to which it applied, and became a valid law, applicable to that city during the remainder of the year 1897, before the act creating the new city of New York went into effect. By the provisions of the charter of the new city of New York, which came into existence on the 1st day of January, 1898, this act, then a valid act affecting the city of New York, was extended to the new city then created; but nothing in the constitution required that an act should be submitted to the local authorities of a city not in existence at the time it was passed, or approved by the mayor of a city which was to come into existence subsequent to its passage. The provisions of the constitution were fully complied with by transmitting the act to the mayor of the city that it affected at the time it was passed, and upon being approved by him it became a law. The officer authorized to issue the license of the auctioneer after January 1, 1898, was designated by section 34 of the charter, which modified the first section of the act of 1897, to which attention has been called; but the provisions of section 5 of the act of 1897 were not affected, and, I think, controlled.

The objection that the complaint does not allege that a license was issued to the principal for the year 1900 is also taken by the defendant. The goods were consigned to the auctioneer in the year 1899, and the obligation to account for them then arose. If no license had been issued in the year 1900, and the auctioneer, having possession of the goods, subsequently appropriated their proceeds, he would have been guilty of a breach of duty, for which his surety on the bond of 1899 would have been liable. If, however, it were necessary to hold with the defendant that a license should have been issued

for the year 1900, we think the issuance of such a license was alleged by implication. The allegation is that the principal made application for a license for the year 1900, and filed a bond, a copy of which is annexed to the complaint, and "that pursuant to such licenses, and each of them, the said Grouse did enter into and carry on said business of auctioneer in the city of New York." This allegation could not be true unless a license for the year 1900 was issued.

We think the defendant was liable, and that the judgment should be affirmed, with costs, with leave to the defendant within 20 days to withdraw demurrer and answer upon payment of costs in this court and in the court below. All concur.