(109 App. Div. 172.)

### MOSER v. BANKERS' SURETY CO. et al.

(Supreme Court, Appellate Division, Second Department. November 24, 1905.)

AUCTIONEERS—LIABILITY ON AUCTIONEER'S BOND.

> Laws 1897, p. 776, c. 682, § 5, providing that the sureties on a bond of an auctioneer "shall be liable for breach of contract or of duty toward the person consigning goods for sale as well as for the other acts, omissions and matters now provided by law," does not impose liability in favor of a mortgagee for the act of an auctioneer in personally buying property subject to a duly recorded mortgage and thereafter selling the same at auction and keeping the proceeds.

Appeal from Municipal Court.

Action by Lena Moser against the Bankers' Surety Company and another on an auctioneer's bond. From a judgment for plaintiff, defendant surety company appeals. Reversed.

Argued before BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

Henry White, for appellant.

J. Wilson Bryant, for respondent.

WOODWARD, J. Under the provisions of chapter 682, p. 775, of the Laws of 1897, no "person, persons, corporation or association shall hereafter carry on the business of auctioneer in cities of one million inhabitants and over, without having first obtained from the mayor of said city a license authorizing such person, persons, corporation or association to carry on the business of auctioneer." This license can only be issued upon the person, corporation, or association filing a bond with the comptroller in the penal sum of $2,000; and section 5 of the act provides that:

> "The sureties upon a bond as provided in section one hereof, shall be liable for breach of contract or of duty toward the person or persons consigning goods for sale, as well as for the other acts, omissions and matters now provided by law."

It was held in Viadero v. Morton, 6 N. Y. Civ. Proc. R. 238, that an action would lie upon such a bond by one who had lost his property through the dishonest and fraudulent acts of the auctioneer, and it was likewise held in Saul v. United States Fidelity Co., 71 App. Div. 77, 75 N. Y. Supp. 615, that the surety was liable for a breach of contract to one who had deposited goods with the auctioneer for sale; but neither of these cases disposes of the exact question here presented. The defendant became the surety upon the bond of one Curt Kornblum as auctioneer under the provisions of chapter 682 of the Laws of 1897. It appears from the evidence that one Edson J. Howard gave a chattel mortgage upon certain property to the plaintiff for $72, which had not been paid; that the mortgage was filed in the register's office of New York county; that Curt Kornblum was an auctioneer; that the said Edson J. Howard had a store on Willis avenue; that Kornblum personally bought the fixtures in Willis' store, and sold them the next day where he had bought them, keeping the proceeds; that Kornblum

subsequently, when told that he had sold mortgaged property, said he did not care—that he was not supposed to know there was a mortgage on it; that Kornblum bought the goods, and sold them, and made a profit. The defendant upon the trial made proper motions to raise the question of its liability under the provisions of the bond, and the question is one of law upon the facts as we have stated them.

The purpose of the statute (chapter 682, p. 775, Laws 1897) was to provide for the regulation and control of auctioneers, and incidentally to protect those who should consign goods to the auctioneer for sale. The bond provided for is a statutory bond (Saul v. United States Fidelity Co., supra), and limits the liability of the surety to the matters stated in section 5 of the act. It has no relation whatever to the acts of the auctioneer regarding property which he purchases and exposes for sale upon his own account; for the statute does not undertake to provide for his personal transactions, but for his acts as auctioneer, and the contract of the surety is that he will do and perform the duties of an auctioneer, and that the surety will be "liable for breach of contract or of duty towards the person or persons consigning goods for sale, as well as for the other acts, omissions and matters now provided by law." We find no provisions of law in respect to an auctioneer purchasing property and exposing it for sale which would bring him within the scope of the bond. Kornblum purchased the goods and sold them, and the mere fact that he sold his own goods, or the goods which were subject to the chattel mortgage, at auction, did not give the plaintiff any rights under the bond of the defendant. If Kornblum had purchased the goods and sold them on the following day at private sale, the defendant certainly would not have been liable under its bond that Kornblum would do his duty as an auctioneer; and the law of the case is not changed because he chose to sell at auction, rather than at private sale. The fair intent of the statute is to provide a bond which shall protect individuals who have intrusted goods to the auctioneer for sale, and to protect the municipality against the violation of its public rules and regulations made in reference to auctioneers, and we are of opinion that under the facts here disclosed there is no liability on the part of the defendant. The judgment of the plaintiff against Kornblum is not the foundation of a liability against the defendant, and the complaint should have been dismissed.

The judgment appealed from should be reversed, with costs. All concur.