KNUDTSEN v. REMMEL et al.

(Supreme Court, Appellate Division, First Department. December 16, 1910.)

1. CONTRACTS (§ 22*)—WRITTEN CONTRACTS—ACCEPTANCE.

Where a written proposal by plaintiff's assignor to perform specified work for defendant on specified conditions was signed by the former alone, but defendant signified his acceptance by proceeding to do what it required of him, the proposition was a contract between the parties.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 75; Dec. Dig. § 22.*]

2. CONTRACTS (§ 165*)—CONSTRUCTION.

Plaintiff's assignor proposed in writing to survey for a railroad for the development of the land of a coal corporation on condition that the stockholders thereof should form a railroad corporation, and that the assignor should be reimbursed out of bonds of the railroad corporation, or out of funds which the stockholders of the coal corporation might raise to build the railroad. The stockholders orally assured the assignee that they intended to build the railroad, and that, if the money for the survey was not raised from bonds, the stockholders would raise the money and build and develop the property. Held, that the oral statement was merely the expression of an intention, and added nothing to the obligations assumed in the written proposition.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 165.*]

3. CONTRACTS (§ 176*)—CONSTRUCTION—QUESTION FOR COURT.

Where the jury found that a party to a written contract had orally made a statement to the other party, and such statement was a part of the contract between the parties, the construction of the statement was for the court.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 767–770; Dec. Dig. § 176.*]

4. CONTRACTS (§ 304*)—PERFORMANCE—ACCEPTANCE OF WORK.

Plaintiff's assignor proposed in writing to survey for a railroad for the development of the land of a coal corporation on condition that the stockholders thereof should form a railroad corporation, and that the assignor should be reimbursed from the sale of bonds of the railroad corporation or out of funds which the stockholders of the coal corporation might raise to build the railroad. A part of the projected line of railroad ran through a pass as to which it was desirable to secure a pre-emptive right. One of the stockholders wrote to the assignor, pointing out the desirability of filing a survey to secure a right to use the pass, and suggesting that copies of the map and profile covering that particular part of the route

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

should be prepared and filed. The assignor did so. *Held,* that the action of the stockholders was not an acceptance and use of the survey such as to impart an obligation on their part to pay for it, irrespective of the expressed contractual obligation.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 304.*]

Appeal from Trial Term, New York County.

Action by Isabella Knudtsen against Harmon L. Remmel, sued as Henry L. Remmel and others. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant named appeals, and plaintiff appeals from so much of the judgment as dismissed her third cause of action. Judgment dismissing the third cause of action affirmed, and judgment so far as it awards a recovery reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and CLARKE, JJ.

Alfred G. Reeves, for plaintiff.
Frederick J. Moses, for defendant.

SCOTT, J. The defendant Remmel appeals from a judgment in favor of plaintiff entered upon a verdict, and from an order denying his motion for a new trial, and the plaintiff appeals from so much of the judgment as dismisses her third cause of action.

The plaintiff sues as assignee of one William Alton, Jr., and has recovered a judgment for the sum expended by said Alton in procuring to be made a survey for a proposed railroad, for which, as it is alleged, the appellant and the defendant Rose promised to reimburse him. It appears that the appellant was president and Rose treasurer of a corporation known as the Arkansas Anthracite Coal Company, which owned a tract of coal land in Arkansas. In order to develop the property, it was desirable to build a line of railroad to it, and covering a distance of something over 50 miles. Appellant and Rose apparently owned most of the stock of the coal company, and held all of its stock as trustees under a voting trust agreement. Alton, believing that he could interest capitalists in the enterprise, had an interview with appellant and Rose, as the result of which he made them a written proposition, which was dated February 12, 1906, although actually signed a few days earlier. By this paper he proposed that the appellant and Rose should procure a charter for a railroad from the coal fields above mentioned to the city of Fort Smith, and should execute a mortgage thereon, which should be further secured by 5,000 acres of the coal lands belonging to the coal company. The bonds secured by said mortgage were to be an amount sufficient to build and equip the proposed railroad, and develop the coal fields so as to produce at least 1,000 tons of coal per day. The railroad company was also to issue stock to an amount equal to its bond issue, and of this stock Alton was to receive 5 per cent. as compensation for his services. Alton on his

part proposed to sell the bonds at a price not less than 95 cents on the dollar. Alton also undertook as follows:

"I also propose to raise the money to pay for making the survey for said railroad, which amount is to be taken from the sale of the bonds, but, in case said bonds are not sold, the cost of said survey is to be repaid out of any funds that you, or your associates, or the Arkansas Anthracite Coal Company may hereafter raise for the building of a railroad along said line."

As a matter of fact, Alton was never able to sell the bonds and raise the necessary funds. Neither the appellant and Rose nor the coal company, nor any one else, ever did raise funds for that purpose, and no railroad was ever built along the proposed line. Alton did, however, cause a survey to be made and expended in that behalf the sum for which he has now recovered judgment. It is quite evident that if the written proposal signed by Alton evidenced the entire contract between himself on the one hand, and appellant Rose on the other, Alton never became entitled to reimbursement for the moneys expended in surveying the line. Such reimbursement was limited to be made, first, out of the proceeds of bonds which Alton might sell; and, second, out of funds which defendants or their associates or the coal company might raise to build the railroad. Since no bonds were sold and no funds were raised by any one, neither of the alternative sources of reimbursement was ever created. Although the so-called proposal was signed only by Alton, it none the less constituted a contract between the parties. Remmel and Rose signified their acceptance of it by proceeding to do what it required of them by procuring a charter for the proposed railroad and preparing to issue the requisite bonds and stock. The plaintiff, however, contends that the written paper did not constitute the entire contract between the parties. This claim is based upon the evidence of Alton as to a conversation which took place between himself and Remmel and Rose at the time the above-written paper was drawn and signed. He testified that the following conversation took place:

"I agreed to raise the money—to build the—to put through the survey. I said if I would raise the money, and if they went on with the operations, and I didn't raise the money on the bonds, they were to repay me for the survey. I said I didn't intend to be out this money, the price of the survey. They said: 'We intend to build that road through to Ft. Smith, and, if you don't raise the money for the bonds, we are going to raise the money for the bonds and build it and develop the property.' "

The learned trial justice, erroneously as we think, charged the jury that this statement by defendants, if made, amounted to an agreement to reimburse Alton for the survey without condition or contingency. It does not so read. At the most, it amounts to nothing more than the expression of an intention to raise the money and an expectation of being able to do so. It certainly cannot by any fair construction be read as an absolute agreement to raise the money in any event. Reading the statement just as Alton gives it, we find nothing more than an expression of the confident hope, which seems to have been shared by all concerned, that funds would be raised

from one source or another and the road built. Assuming that it was competent to receive evidence as to a contemporaneous parol addendum to the written contract, the only question for the jury was whether or not such addendum was made. If it was made in the language testified to by plaintiff, as the jury apparently found, the true meaning and construction of that language is for the Court. So construing it, the court should have held that it fell short of an absolute and unconditional promise to pay for the survey in any event. Being merely the expression of an intention, it adds nothing to the obligations assumed by appellant and Rose when they accepted Alton's written proposition.

Plaintiff also seeks to sustain the judgment, because, as she says, defendants accepted and used a part of the survey. It appears that a part of the projected line of railroad ran through a certain pass as to which it was desirable to secure a pre-emptive right. It was apprehended that some other projected railroad company might file a map and profile and thus gain an advantage. The defendant Rose in October, 1906, wrote to Alton, pointing out the desirability of filing a survey to secure the right to use this pass, and suggesting, though not requesting, that copies of the map and profile covering that particular part of the route should be prepared and filed. This Alton did. It is impossible to construe this action as an acceptance and use of the survey such as would import an obligation on the part of the defendants to pay for it, irrespective of any express contract obligation to do so. The parties at the time of the incident were engaged in a joint enterprise, the crucial feature of which was the building of a railroad. Anything which would prevent that would defeat the whole enterprise. It was to Alton's interest as well as to that of the defendants that it should not be defeated. Consequently the filing of the fragment of the survey was for the interest of all. We find nothing in the case therefore upon which to base a judgment for the plaintiff. Her third cause of action was also unsustained by the evidence, and was properly dismissed.

The judgment dismissing the third cause of action is affirmed, and the judgment so far as it awards a recovery against the defendant-appellant, and the order appealed from, are reversed and a new trial ordered, with costs to the defendant-appellant to abide the event. All concur.