Samuel Rabin, J.
This is an action to declare the plaintiff the irrevocable beneficiary of a certain insurance policy insuring the life of her husband and to bar the defendants Olive Weinstein and Ivy Borges, respectively a friend and the sister of the husband, from claiming any right or interest in the afore-mentioned policy as the designated beneficiaries, and to direct the payment of the proceeds to the plaintiff.
The deceased insured originally designated the plaintiff, his wife, as beneficiary. Subsequently he executed a “ Change of Beneficiary ” form naming the individual defendants as the new beneficiaries and delivered this form to the insurance company which made the necessary changes.
While conceding that the policy expressly permitted the insured to change his beneficiary, the plaintiff contends that the decedent had previously entered into a contract with her designating her the irrevocable beneficiary. Consequently she urges that the attempted change of beneficiary by the insured without her consent was invalid.
The defendants, on the other hand, urge that the insurer had not contracted to make the plaintiff the irrevocable beneficiary; that in any event the alleged contract is unenforcible because of the Statute of Frauds.
All the parties entered into a stipulation that the insurance company would hold the proceeds of the policy involved herein as if they had been paid into court pursuant to an interpleader and to pay such money in accordance with the final judgment in this action.
The plaintiff in support of her contract theory relies on two letters of the decedent which she claims evidence the contract to make her the irrevocable beneficiary. The first letter, dated May 25, 1950, states in pertinent part “ It has never been my intention to change the beneficiary of my insurance ’ ’. The second letter, dated June 16, 1950, states “ you * * * have my written assurance that I will continue to maintain that policy ”. The afore-mentioned letters were written during a period when the decedent and the plaintiff were having marital difficulties.
The plaintiff’s son, testifying on her behalf, stated that it was the plaintiff’s desire to have at least a separation agreement which would assure her of alimony payments and her interest in the decedent’s insurance policies. The son further testified that he visited the decedent in an attempt to convince him to enter into a separation agreement; that during this visit his father told him that “ he didn’t want to enter into a legal sepa *731 ration agreement because talking to his boss about the policies they told him he might have some trouble with irrevocable beneficiary [sic] in case the company changed the policy, it would mean that he would have to go to my mother and ask her to sign some new policy, and due to this friction between them, she might be uncooperative and he was afraid he might lose his job. * * * So, I asked him if he would give me a letter stating this condition
The afore-mentioned letter of May 25 was the letter the decedent had written at his son’s request. The son further testified that at a later time he visited his father to tell him that the letter of May 25 was not satisfactory to his mother’s lawyer since the latter desired more legal terms and asked him “if he would put it [in] more specific language and he [the father] refused.”
It is fundamental that a contract cannot come into existence if one of the parties does not so intend. (Stevens v. Amsinck, 149 App. Div. 220, 228; Knudtsen v. Remmel, 141 App. Div. 445, 448; Gould v. Reader’s Digest Assn., 60 N. Y. S. 2d 439; see Grierson v. Mason, 60 N. Y. 394, 397; see, also, Mencher v. Weiss, 306 N. Y. 1, 7-8; Matter of Ahern v. South Buffalo Ry. Co., 303 N. Y. 545, 560-561, affd. 344 U. S. 367; Belbird Realty Corp. v. Wolfson, 221 App. Div. 67, affd. 248 N. Y. 615; Miller v. Schloss, 218 N. Y. 400, 407; Brandt v. General Diaries, 40 N. Y. S. 2d 692.) This intention to contract is a factual issue (Stevens v. Amsinch, supra), the test for which is not the real intention of a party, but rather his conduct which would lead a reasonable man to believe that the party intended to contract (Phillip v. Gallant, 62 N. Y. 256, 263).
In the case at bar, the plaintiff has failed to prove such intention. The language used in the afore-mentioned letters and the decedent’s oral declarations to his son were nothing more than an expression of what the decedent expected his conduct would be in the future and were not such that would lead a reasonable man to believe that he intended to contract in preesenti. In fact, his oral and written declarations expressly negate such an intention. Accordingly, judgment is directed in favor of the defendants dismissing the complaint on the merits, but without costs, and the insurance company will be directed to pay the proceeds of the policy involved herein to the defendants Weinstein and Borges.