LENA MENTZ, Respondent, v. NATHAN J. NEWWITTER, Appellant.

A note or memorandum, sufficient to take a contract of sale out of the operation of the Statute of Frauds, must state the whole contract with reasonable certainty so that the substance thereof may be made to appear from the writing itself without recourse to parol evidence.

Where, upon a sale of real estate at public auction, the only note or memorandum of sale was an entry in their book of sales made and signed by the auctioneers, which did not name or describe the vendor, *held*, the memorandum was insufficient and the sale void.

*Salmon Falls Mfg. Co.* v. *Goddard* (14 How. [U. S.] 446), disapproved.

(Argued October 21, 1890; decided December 2, 1890.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made May 18, 1888, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover from the defendant the difference between the sum bid for certain real estate at an auction sale thereof and the sum for which said real estate was resold upon the refusal of the defendant to complete his purchase.

The referee found the following facts:

· On April 28, 1886, the plaintiff was the owner of premises known as No. 311 East One Hundred and Fourth street, in the city of New York, and authorized and empowered Richard V. Harnett & Co., auctioneers, to sell the same at public auction at the Real Estate Exchange in said city, and on the date aforesaid said Harnett & Co. did offer said premises for sale, and they were struck off and sold to the defendant at his bid of $11,800. Said Harnett & Co. thereupon made and signed a memorandum of said sale. Defendant failed to pay ten per cent of the purchase-money, and to sign a memorandum of the purchase so made. Prior to May 26, 1886, a notice was served upon defendant that said premises would be resold on his account, on the date aforesaid, at the real estate auction rooms, and that the plaintiff would hold him for the deficiency · arising between the price bid by said defendant and the price the same would bring at such resale. At such resale the premises were resold for $10,200.

And as a conclusion of law the referee found that the plaintiff was entitled to judgment for $1,600, with interest and. auction fees.

The only evidence of a written contract between the parties for the sale of lands was a memorandum in the auctioneer's book of sales, as follows:

Wed. 28 April '86.

| | | |
|---|---|---|
| 311 E 104 | Terms Sale | |
| 11000 | 7000 | |
| 250 | at 5 per cent | |
| 250 ✽ | 2 m | |
| 11750 | 3000 | |
| 11800 | at 6 per cent | |
| J. N. Newwitter | can be paid | |
| 4 Pine St | | |

RICHARD V. HARNETT.

This memorandum was signed by Harnett on the margin of the book at the close of the sale.

The book also contained a printed slip or advertisement of the sale, but such slip did not name or describe the owner or make mention of any such person.

*John J. Linson* for appellant. The memorandum of sale was not a sufficient compliance with the provisions of the Statute of Frauds. (2 R. S. chap. 7, § 8; 2 Kent's Comm. 511; Browne on Stat. of Frauds, § 371; Reed on Stat. of Frauds, § 321; Bing. on Ex. Cont. 391; *Kenworthy* v. *Schofield*, 2 B. & C. 945; *Wain* v. *Walters*, 5 East. 10; *Stone* v. *Browning*, 68 N. Y. 604; *Drake* v. *Seaman*, 97 id. 230; *Newberry* v. *Wall*, 65 id. 484; *Routledge* v. *Worthington Co.*, 119 id. 592; *Parkhurst* v. *Van Cortlandt*, 14 Johns. 15; *Potter* v. *Duffield*, 9 Eng. Rep. 664; *Williams* v. *Lake*, 2 E. & E. 349; *Grafton* v. *Cummings*, 99 U. S. 100; *Sherburne* v. *Shaw*, 1 N. H. 157; *Knox* v. *King*, 36 Ala. 367; *Gill* v. *Bicknell*, 2 Cush. 355; *Champion* v. *Plummer*, 1 Bos. & Pul. 252; *Wright* v. *Weeks*, 25 N. Y. 153; *Trustees, etc.*, v. *Bigelow*, 16 Wend. 28; *Sheid* v. *Stamps*, 2 Sandf. 172; *McConnell* v. *Brillhart*, 17 Ill. 354; *Smith* v. *Jones*, 7 Leigh, 165.) The memorandum and the allegations of sale cannot be considered together.. (*Coe* v. *Tough*, 116 N. Y. 273; *B. Church* v. *Bigelow*, 16 Wend. 28; *Wright* v. *Weeks*, 28 N. Y. 153; *Drake* v. *Seaman*, 97 id. 230; 27 Hun, 63; *Stone* v. *Browning*, 68 N. Y. 598; *Morton* v. *Dean*, 13 Met. 385; *Tallman* v. *Franklin*, 14 N. Y. 584; *Pinckney* v. *Hagadorn*, 3 Duer, 95; Sugden on Vendors, 139; *Hinde* v. *Whitehouse*, 7 East. 558.)

*Michael H. Cardozo* for respondent. The memorandum made by the auctioneer in his sales-book was sufficient to satisfy the provisions of the Statute of Frauds. (3 R. S. chap. 8, tit. 1; *Tallman* v. *Franklin*, 14 N. Y. 584, 593; *S. F. M. Co.* v. *Goddard*, 14 How. [U. S.] 446; *Doughty* v. *M. B. Co.*, 101 N. Y. 644; *Foot* v. *Webb*, 59 Barb. 38; *A. Co.* v. *Mayor, etc.*, 55 N. Y. 495; *Wright* v. *Weeks*, 25 id. 153; *Raubitschek*

v. *Blank*, 80 id. 478 ; *Hagan* v. *D. S. M. Co.*, 9 Hun, 75 ; *Smith* v. *Jones*, 7 Leigh, 165 ; *Pickney* v. *Hagadorn*, 1 Duer, 89 ; 14 N. Y. 584, 590 ; *Hicks* v. *Witmore*, 12 Wend. 584 ; *Beshwick* v. *Beach*, 103 N. Y. 414, 420.) All the paper-writings referred to are contemporaneous, between the same parties and relate to the same subject-matter ; they should, therefore, be read together and construed as one paper. (*Tallman* v. *Franklin*, 14 N. Y. 584 ; *Rogers* v. *Smith*, 47 id. 324 ; *Ryan* v. *U. S.*, 136 U. S. 68, 83 ; *P. M. Co.* v. *Hoffman*, 3 Daly, 495 ; *Raubitschek* v. *Blank*, 80 N. Y. 478 ; *Coe* v. *Tough*, 116 id. 273.)

Brown, J. The exceptions to the referee's finding that the premises in question were sold by Harnett & Company, the auctioneers, to the defendant, and that said auctioneers thereupon made and signed a memorandum of sale present the question of the sufficiency of the memorandum recorded in the auctioneers' books.

It is upon that memorandum that the judgment is founded, and it is upon that that the respondent relies as a compliance with the Statute of Frauds. The Statute is as follows :

" Every contract * * * for the sale of any lands * * * shall be void, unless the contract, or some note or memorandum thereof, * * * be in writing and be subscribed by the party by whom the sale is to be made.

" Every instrument required to be signed by any party under the last preceding section, may be subscribed by the agent of such party lawfully authorized."

The writing of the auctioneer's name upon the margin of the book may be regarded as a sufficient subscription of the contract by the vendor in this instance, and for the purpose of disposing of this appeal, we may assume that the instrument created a valid and binding contract if it be such a note, or memorandum thereof, as the statute requires. And the precise question we are to determine is, whether a memorandum, which does not name or describe the vendor, fulfills the requirements of the law.

A note or memorandum in writing of the contract is necessary to give validity not only to agreements for the sale of land, but also to agreements not to be performed within a year, to answer for other's debts, and for the sales of goods and chattels and things in action, for the price of fifty dollars or more.

In considering, therefore, the question, what is a sufficient "note or memorandum," within the meaning of the statute, cases decided under any of these several provisions of the statute may be examined as authorities.

Many English cases, in regard to sales of goods and chattels, are collected in Benjamin on Sales (Bennett's ed.), sections 234 to 238, and that learned author states the general rule deduced from them to be as follows: "It is indispensable that the written memorandum should show not only who is the person to be charged, but also who is the party in whose favor he is charged. The name of the party to be charged is required by the statute to be signed so that there can be no question of the necessity of his name in the writing. But the authorities have equally established that the name, or a sufficient description, of the other party is indispensable, because, without it, no contract is shown, inasmuch as a stipulation or promise by it does not bind him, save to the person to whom the promise is made, and until that person's name is shown, it is impossible to say the writing contains a memorandum of the bargain."

The leading English case on the subject is *Champion* v. *Plummer* (1 Bos. & P. [N. R.] 252), where Champion, by his agent, wrote down in a memorandum book the terms of a verbal sale to him by the defendant and defendant signed the writing. The words were "Bought of W. Plummer," etc., etc., with no name of the person who bought. Sir James Mansfield, C. J., said: "How can that be said to be a contract or memorandum of a contract which does not state who are the contracting parties. By the note, it does not appear to whom the goods were sold. It would prove a sale to any other person as well as to the plaintiff."

Among other cases may be cited *Williams* v. *Lake* (2 E. &

E. 349), *Williams* v. *Byrnes* (9 Jur. [N. S.] 363), *Potter* v. *Duffield* (9 Eng. Rep. 664).

*Potter* v. *Duffield* was a case of a sale of real estate at auction. The name of the vendor was not disclosed. The plaintiff's agent signed a memorandum of the contract, and the auctioneer signed for the vendor, as follows: "Con-firmed on behalf of the vendor. Beadles, per N. J., Aug. 20, 1869."

This was held by the Master of the Rolls (Sir GEORGE JESSEL) not a sufficient memorandum under the statute, for the reason that the vendor was neither named nor described.

The American cases are to the same effect. (*Coddington* v. *Goddard*, 16 Gray, 436–442; *Sanborn* v. *Flagler*, 9 Allen, 474–476; *Waterman* v. *Meigs*, 4 Cush. 497; *Nichols* v. *Johnson*, 10 Conn. 192; *Sherburne* v. *Shaw*, 1 N. H. 157; *Brown* v. *Whipple*, 58 id. 229; *Webster* v. *Ela*, 5 id. 540; *Lincoln* v. *Erie Preserving Co.*, 132 Mass. 129; *Grafton* v. *Cummings*, 99 U. S. 100; *Knox* v. *King*, 36 Ala. 367.)

The question was fully examined by the Supreme Court of the United States in *Grafton* v. *Cummings* (*supra*). That case arose in the state of New Hampshire, where the statute provides that no action can be maintained on a contract for the sale of land unless the agreement is signed by the party to be charged, or by some person by him authorized.

The contract was signed by Grafton, the purchaser, and it was assumed by the court that it was also signed by the auctioneer, and the precise question presented was stated to be whether the contract was void because the vendor was not named in it.

It was held that it was void.

The same doctrine is stated in Brown on the Statute of Frauds, sections 371 to 375. (Smith on Contracts, 134, 135; 3 Parsons on Contracts, 13, note v.)

In this state Chancellor KENT, in *Bailey* v. *Ogden* (3 Johns. 399), stated the general rule to be that "the form of the memorandum cannot be material, but it must state the contract with reasonable certainty, so that the substance of it can be

made to appear and be understood from the writing itself, without having recourse to parol proof.

Again, the same learned judge, in *Clason* v. *Bailey* (14 Johns. 484), said: "Forms are not regarded and the statute is satisfied if the terms of the contract are in writing and the names of the contracting parties appear."

*First Baptist Church* v. *Bigelow* (16 Wend. 28), was a case of a sale of a church pew.

The same rule was again stated and the memorandum was held insufficient because it stated no parties or terms of payment.

*Calkins* v. *Falk* (39 Barb. 620), was a case of a sale of hops. The written memorandum was held defective, and the rule stated that the terms of the contract and the names of the contracting parties must appear in the instrument. This case was affirmed in this court (41 N. Y. 610; 1 Abb. Ct. App. Dec. 291).

The opinion of the court appears in the latter volume, where it is held that the names of the contracting parties must appear in the memorandum required by the statute.

In nearly all the cases in this state *Champion* v. *Plummer* (*supra*) was cited with approval. And the whole current of authority in this state is that the memorandum must contain substantially the whole agreement, and all its material terms and conditions, so that one reading it can understand from it what the agreement is. (*Wright* v. *Weeks*, 25 N. Y. 159; *Drake* v. *Seaman*, 97 id. 230.)

No case holding a different rule is cited by the General Term and none by the counsel for the respondent, except *Salmon Falls Manfg. Co.* v. *Goddard* (14 How. [U. S.] 446).

There was a strong dissent in that case, and it was said in *Grafton* v. *Cummings* that it was to be doubted whether the opinion of the majority was sound law. It is clearly in conflict with the general current of authority and may well be disregarded in view of the later decision of the same court.

Tested by the rule established by the adjudged cases, the memorandum in this case was insufficient to answer the requirements of the statute.

It must be such that when it is produced in evidence it will inform the court or jury of the essential facts set forth in the pleading, and which go to make a valid contract.

Such essentials must appear without the aid of parol proof, either from the memorandum itself or from a reference therein to some other writing or thing, and such essentials to make a complete agreement must consist of the subject-matter of the sale, the terms and the names, or a description of the parties.

The memorandum in suit failed to state the name of the vendor or to give any description by which he or she could be identified, and this omission was fatal. In the potent language of the statute the contract was void.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed. _____