JOHN H. CHEEVER, Respondent, *v.* JOHN F. SCHALL, Appellant.

*Statute of Frauds — defense of, must be pleaded — requisites of the memoranda required — general letter of credit — acceptance thereof.*

A note or memorandum, sufficient to take a contract out of the operation of the Statute of Frauds, must state the whole contract with reasonable certainty so that the names of the parties thereto and the substance thereof may be made to appear from the writing itself without recourse to parol evidence.

As soon as any person accepts the proposition tendered in a general letter of credit and complies with the request of the letter, the contract is at once completed between himself and the letter writer. A direct privity arises at once between the acceptor and the letter writer, and the contract becomes the same in effect as if the letter had been especially directed to the acceptor.

A defense founded upon the Statute of Frauds must be pleaded, and, in the absence of such plea, the party failing to set forth the same will be deemed to have waived the benefit of the statute where the defect in the adverse party's cause of action (if any) appears on the face of his pleading.

APPEAL by the defendant, John F. Schall, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 2d day of December, 1893, upon the verdict of a jury rendered by direction of the court after a trial at the Westchester Circuit, and also from an order

entered in said clerk's office on the 7th day of April, 1894, denying the defendant's motion for a new trial made upon the minutes.

*George C. Andrews,* for the appellant.

*Abram J. Miller,* for the respondent.

BROWN, P. J. :

On April 1, 1886, the plaintiff leased to George Gablemann a farm in the town of Greenburgh, Westchester county, for the term of five years at an annual rental of $250, payable half yearly.

This action was brought against the defendant to recover a balance of unpaid rent for said farm, upon an instrument of which the following is a copy:

" TARRYTOWN, *December 5th,* 1885.

" DEAR SIR.— Let Mr. George Gablemann have your farm at Saw Mill River Valley for the term of five years and I will see you paid.

" Yours,

" JOHN F. SCHALL."

The farm leased by the plaintiff to Gablemann was situated in the Saw Mill River Valley, and it appeared from uncontradicted testimony that negotiations for the leasing of the farm commenced between the plaintiff's agent and Gablemann in the fall of 1885 ; that security for the payment of the rent was required by the plaintiff, and that at the time of the execution and delivery of the lease the instrument in suit was delivered to the plaintiff.

At the close of the evidence the court directed a verdict for the plaintiff, and from the judgment entered thereon the defendant has brought this appeal.

The defendant asks us to reverse the judgment on two grounds : *First,* that the guaranty is void for the reason that it does not disclose upon its face in whose favor or to whom it was made ; and, *second,* that the lease contains special covenants not contemplated by the guaranty.

A note or memorandum sufficient to take a contract out of the operation of the Statute of Frauds must state the whole contract with reasonable certainty, so that the names of the parties thereto

and the substance thereof may be made to appear from the writing itself without recourse to parol evidence. (*Mentz* v. *Newwitter*, 122 N. Y. 491 and cases cited.)

That case arose upon a contract to sell land, but the rule there applied is equally applicable to all contracts, which, by the Statute of Frauds, are required to be in writing. · I am of the opinion, however, that the rule applied in that case is not applicable to the case under consideration.

The instrument sued upon is a general letter of credit, and the rule applicable to that class of instruments is that as soon as any person accepts the proposition tendered and complies with the request of the letter, a contract is at once completed between himself and the letter writer.

A direct privity arises at once between the acceptor and letter writer and the contract becomes the same in effect as if the letter had been specially directed to the acceptor. (*Watson's Executors* v. *McLaren*, 19 Wend. 565; 26 id. 425; *Birckhead* v. *Brown*, 5 Hill, 642; *Union Bank* v. *Coster's Executors*, 3 N. Y. 203; *Benedict* v. *Sherill*, Hill & Den. 219; 2 Daniel on Neg. Inst. [4th ed.] § 1797a.)

We are, moreover, of the opinion that the question of the validity of the instrument sued upon is not before us on this appeal. A defense founded upon the Statute of Frauds must be pleaded, and, in the absence of such a plea, the defendant will be deemed to have waived the benefit of the statute. (*Crane* v. *Powell*, 139 N. Y. 379.)

The complaint in this action set forth the instrument sued upon, and the defect in the plaintiff's cause of action (if any existed) appeared on the face of that pleading. The defendant neither denied the contract nor did he plead the Statute of Frauds as a defense in his answer. Under such circumstances, it was held by the Court of Appeals in the case cited that a defendant waived the benefit of the statute.

None of the conditions of the lease can be deemed to be beyond the contemplation of the guarantor. He intended to guarantee the payment of the rent of a farm for five years, and contemplated a lease of a farm upon such terms and conditions as were usual to that class of property. The covenants as to the payment of the

rent and the reservation by the lessor of a right to re-enter upon the farm and repossess himself thereof in case of its non-payment, together with the covenants on the part of the tenant to keep open the ditches and cultivate the farm according to the usual course of husbandry as practiced in the neighborhood, were all the usual and ordinary conditions of farm leases, and must be presumed, in the absence of evidence to the contrary, to have been within the contemplation of the defendant when he signed the instrument in suit.

It does not appear that the plaintiff ever notified the defendant of the acceptance of the guaranty or that he had leased his farm to Gablemann on the credit of defendant's letter. In the absence of any proof of that character the defendant's liability for the rent might be questionable. But no point of this kind was made upon the trial, and the question is not before us for review.

The judgment must be affirmed, with costs.

CULLEN, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.