ELIZABETH B. BYRNE, Plaintiff, *v.* ELLEN McDONOUGH, Defendant.

(Supreme Court, Kings Special Term for Trials, March, 1921.)

**Specific performance — land contracts — principal and agent — parol evidence — Statute of Frauds.**

> While a writing, not under seal, signed for an undisclosed principal by an agent renders him personally liable, the undisclosed principal may be held liable upon proof of the signer's agency.

> The fact that the question arises under the Statute of Frauds does not change this rule, and parol evidence to show the existence of the principal neither offends the statute nor tends to vary the terms of the writing.

> Where in a buyer's action for the specific performance of a land contract, not under seal, all disputed questions of fact were decided in favor of plaintiff, and the only contention was whether the writing, which was signed by the agent of

34

the seller whose name did not appear, was a sufficient memorandum under the Statute of Frauds, the rule relating to an undisclosed principal applies, the writing is sufficient, and the plaintiff is entitled to judgment against the undisclosed principal.

ACTION for specific performance of an agreement for the sale of real property.

Michael J. Joyce, for plaintiff.

Hirsh, Newman & Reass (Benjamin Reass, of counsel), for defendant.

CROPSEY, J. The action is for specific performance of an agreement for the sale of real property. It is brought by the buyer against the seller. At the close of the trial the disputed questions of fact were decided in favor of the plaintiff. The court took under advisement the question of the sufficiency of the writing under the Statute of Frauds. The writing is as follows:          " BROOKLYN, N. Y. *October* 21*st*, 1920.

" Received of Elizabeth B. Byrne sum of Five Hundred ($500) Dollars as binder on premises 132 Underhill Ave., Brooklyn, N. Y., under following terms and conditions:

"Price Twelve Thousand Five Hundred ($12,500) Dollars.

" Owner to take back a first mortgage for $7,000 for three years at 6% interest payable semi-annually.

" Five thousand ($5,000) to be paid on taking of title, which is not to be later than December 1st, 1920.

" LYONS & MASON,

" per F. J. LYONS."

Lyons & Mason, who signed this paper, were the duly authorized agents of the defendant. The only

contention made against the sufficiency of the writing, under the statute, is that it is signed by an agent.

The name of the defendant does not appear in the writing. So far as the writing discloses Lyons & Mason, who signed it, would appear to be the sellers. There is nothing in the writing to show that they were merely agents though that was the fact. Where a writing not under seal is signed by one who is an agent but which does not disclose his agency or give the name of his principal the agent is personally liable. *Meyer* v. *Redmond,* 205 N. Y. 478. But the undisclosed principal may be held liable upon proof of the signer's agency. *Navarre H. & I. Co.* v. *American Appraisal Co.,* 156 App. Div. 795, 797; *City Trust, Safe Deposit & Surety Co.* v. *American Brewing Co.,* 182 N. Y. 285; *Case* v. *Case,* 203 id. 263. And the fact that the question arises under the Statute of Frauds does not change the rule. The undisclosed principal is liable the same as though the Statute of Frauds was not involved. *Dykers* v. *Townsend,* 24 N. Y. 57; *Briggs* v. *Partridge,* 64 id. 357, 362; *Langstroth* v. *Turner Cypress Lumber Co.,* 162 App. Div. 818; affd., 220 N. Y. 706. The Statute of Frauds is satisfied by such a writing because there is an enforceable agreement and that statute does not make any change in the law of principal and agent as between themselves or as to third parties. The Statute of Frauds is satisfied if the names of competent contracting parties appear in the writing. If the signer is an agent his principal may sue and be sued. The admission of parol proof to show the existence of the principal does not offend the statute nor vary the terms of the writing. The purpose of the proof is to give effect to the rule that an undisclosed principal may be held to a contract made by his authorized agent if the other party elects. See 24 L.

R. A. (N. S.) 315–318, note. The rule is different if the writing is under seal. Then only the parties signing are liable. *Klein* v. *Mechanics & Traders Bank*, 145 App. Div. 617.

But if an agent signs in a manner indicating that he is only an agent and so as not to make himself personally liable but does not disclose his principal then the writing does not satisfy the requirements of the Statute of Frauds and the principal of the signer cannot be held liable. *Mentz* v. *Newwitter*, 122 N. Y. 491; *Ward* v. *Hasbrouck*, 169 id. 407; *Mertz* v. *Hubbard*, 75 Kan. 1; 8 L. R. A. (N. S.) 733–736, note. The reason underlying these decisions has already been indicated. It is that under the Statute of Frauds the writing must constitute an enforceable agreement and contain, among other essentials, the names of the parties. *Grafton* v. *Cummings*, 99 U. S. 100. So where the writing is executed by an agent in a manner that does not make him personally liable and his principal is not named there is no enforceable agreement under the statute.

Where the writing is signed by an authorized agent in his individual name, but shows on its face that it is not his personal obligation and that it is signed only for his principal who is named in it, it binds the principal. *Fox* v. *Hawkins*, 150 App. Div. 801; *Hager* v. *Henneberger*, 83 Misc. Rep. 417. In the situation just mentioned there is no undisclosed principal. The principal is liable because he is named in the writing and the writing is his contract being signed by his authorized agent.

In the case at bar the agents would be personally liable and the rule relating to an undisclosed principal is applicable and hence the writing is sufficient.

The decision already cited, *Mentz* v. *Newwitter*, 122 N. Y. 491, seems to have been reached upon the

assumption that the signing by the auctioneer did not make him personally liable and as the principal's name did not appear in the writing there was no enforceable agreement. *Langstroth* v. *Turner Cypress Lumber Co.*, 162 App. Div. 818, 823. With that assumption in force the decision cannot be questioned. But in fact the memorandum in that case was signed by the auctioneer in his own name and not as an agent and he would seem to have been personally liable upon it (*Meyer* v. *Redmond,* 205 N. Y. 478; see, also, *Mills* v. *Hunt,* 20 Wend. 431–433); and so it would seem to have been a case for the application of the rule holding an undisclosed principal liable. But that point apparently was not urged by counsel or considered by the court and the cases of *Dykers* v. *Townsend,* 24 N. Y. 57, and *Briggs* v. *Partridge,* 64 id. 357, clearly so holding were not referred to in either brief or in the court's opinion. Certain it must be that there was no intention of overruling those cases or disapproving of the doctrine of holding an undisclosed principal when the subject was not discussed and no authorities were cited.

Plaintiff is entitled to judgment, with costs.

Judgment for plaintiff, with costs.