BELBIRD REALTY CORPORATION, Respondent, *v.* MINNIE WOLFSON, Appellant.

First Department, June 24, 1927.

**Vendor and purchaser — specific performance — action by purchaser — memorandum was mere receipt and not sufficient to sustain action.**

This is an action by a purchaser to compel the specific performance of a land contract and it is based upon a memorandum which recites only a part of the terms of the contract of purchase and was given as a receipt for a check issued by the plaintiff as a binder. The plaintiff cannot succeed since the memorandum does not contain all the essential elements of the contract and by its terms contemplated the execution of a contract thereafter, and furthermore, the memorandum specifically stated that if no contract was signed the amount given as a binder would be returned.

APPEAL by the defendant, Minnie Wolfson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office

of the clerk of the county of New York on the 10th day of June, 1926, upon the decision of the court rendered after a trial at the New York Special Term, as amended by an order entered in said clerk's office on the 21st day of June, 1926.

*Harry J. Ahlheim* of counsel [*Stark B. Ferriss* and *Henry S. Ferriss* with him on the brief; *Ferriss & Lewis*, attorneys], for the appellant.

*Sylvan Gotshal* of counsel [*Norman S. Goetz* and *Melvin Robbins* with him on the brief; *Rose & Paskus*, attorneys], for the respondent.

McAVOY, J.   The writing upon which plaintiff asks specific performance by conveyance of the described land and building, is as follows:

" NEW YORK, *J an.* 9th, 1925.

" Received from Belbird Rlty. Corp., check for $100 as binder for the purchase of property 835 Columbus Ave. Price $68,000; subject to 1st mtg. $30,000, at 5½% — 5 years; Cash $20,000.

" Balance of $18,000 to be taken back in a purchase money mortgage for 10 yrs. payable $1,000 a year for the 1st — 5 yrs. and $1200 a year for the remaining 5 years with interest at 6% per annum.

" Contract to be signed Monday, Jan. 12, 1925 at the office of Wm. M. Bennett, 15 William St., balance of $2900 deposit to be paid on the signing of the contract.

" In the event of the contract not being signed the $100.00 deposit is to be returned to the purchaser.

" (Signed)   MINNIE WOLFSON
" BELBIRD REALTY CORPORATION
" By EDWARD MARX
" *President.*

" Witness.   EVA GROSS
" BELBIRD REALTY CORPORATION
" [CORPORATE SEAL]
" 1924 N. Y." ·

The evidence establishes that Mrs. Wolfson authorized one Eva Gross to put the property on the market for sale.   Eva Gross, although an attorney at law, was authorized to act as broker, but not as attorney.   On January seventh she listed the information concerning the property with Mr. Arthur Sommer, a real estate broker, and agreed to share her commission with him as cobroker in case they effected a sale.   About noon January ninth, Mrs. Gross met Mr. Max Lindenberger, the treasurer of the plaintiff corporation, at Mr. Sommer's office.   Mr. Sommer introduced Mr. Lindenberger to Mrs. Gross as " one of the prospective purchasers

of this property, with whom I have been negotiating," and he asked Mrs. Gross if Mrs. Wolfson would let it go for less than $70,000, and Mrs. Gross said she did not know, possibly she could get her to accept $68,000. He said, " How about the cash? " and Mrs. Gross told him $20,000 cash. Mr. Lindenberger asked Mrs. Gross " How about the lease on the store? " and Mrs. Gross told told him that Mrs. Wolfson " insists on a ten-year lease to be given Mr. Wolfson on the drug store at a straight rental of $250 a month." Mr. Lindenberger said that he did not like the terms of that lease and that he would like to have Mrs. Gross " work out better terms on the lease," and he asked Mrs. Gross to see if she could " work out a lease with a graduated rental of $250 a month for the first three years, $300 a month for the next two, and $350 for the balance of the five years, and also we would like to have two or three months' security on the lease." Thereafter Mrs. Gross said to Lindenberger: " The best thing to do is to iron that out when we get to the attorney's office." Mr. Lindenberger then said to Mrs. Gross; " All right, I will give you a binder on the property and we will draw a contract at the attorney's office, have the contract sent over to Rose & Paskus."

Defendant on January 15, 1925, returned to plaintiff the $100 check with a letter stating: " No contract having been signed, I return to you as I promised the $100 check." Plaintiff refused to accept the check and sent it back to defendant with a letter dated January 19, 1925, notifying her of such refusal and of its intention to hold her to " the agreement." Plaintiff's counsel, Jeffers, communicated with defendant's attorney, Bennett, and agreed to adjourn the signing of the contract from January twelfth to fourteenth, and Bennett agreed and undertook to prepare " the contract " and deliver it to Jeffers; and on January fourteenth Bennett informed Jeffers that Mrs. Wolfson " had changed her mind and would not go through with the transaction " and repudiated said agreement, and that he, Bennett, would not " draft the contract."

We think the writing cannot be considered as more than its form indicates it was intended to be — to wit, a receipt. It is apparent that it was so intended by both parties at the time of its execution. There are essential elements lacking of a complete contract, and there are present in the writing provisions which bear out the defendant's contention that the paper was not intended as a contract. There is a provision for future signing of a contract. There is a provision for return of the $100 deposit if the contract is not signed. The smallness of the deposit as compared to the purchase price is significant of the paper's nature; as are also the facts that the parties knew the premises were occupied by tenants

and that the writing did not mention the subject, and the fact that the writing makes no reference to several important subjects usually dealt with in real estate contracts, such as adjustments of rent, insurance, water rates, taxes, etc.

Specific performance should not be granted where the paper is so indefinite as to terms and where the seller was justified in believing the writing was merely a receipt and not a contract by the concluding clause of the paper itself and the surrounding circumstances of the parties.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, MERRELL and MARTIN, JJ., concur.

Judgment reversed, with costs, and the complaint dismissed, with costs. Settle order on notice.