BACH REALTY CORPORATION, Respondent, *v.* GEORGE WHITEN REALTY CORPORATION and Another, Appellants, Impleaded with OSCAR BITTNER and Another, Defendants.

Second Department, February 14, 1930.

*Meyer Kraushaar*, for the appellants.

*Christy George Peters*, for the respondent.

CARSWELL, J. Plaintiff sues on a contract with the defendant George Whiten Realty Corporation and one Ostermeyer for the sale by them to it of certain real property in Nassau county. It alleges a payment to Ostermeyer on account of said contract as the authorized agent of the George Whiten Realty Corporation, and in its complaint seeks the specific performance of the agreement of sale. The defendants deny the material allegations of the complaint and invoke the Statute of Frauds as a separate defense.

The bill of particulars contains the note or memorandum upon which plaintiff relies. It is also annexed to a reply served to the answer. This note or memorandum in writing upon which the plaintiff relies is a check, with the following notations on the face and back of the same:

(<em>Face of Check</em>)

" No..........        64

" JAMAICA, N. Y. City 6/12   1929

" THE NATIONAL CITY BANK OF NEW YORK    1–8

" Jamaica Branch

" Union Hall Street, near Jamaica Avenue

" Jamaica, N. Y.

" Pay to the Order of

" WM. OSTERMEYER............................ $100/00

" ONE HUNDRED................................ Dollars

" BACH REALTY CORPORATION

" By HARRY BACH, *Pres.*"

(<em>Back of Check</em>)

" Payment on purchase of 2 lots located on S/E corner of Hempstead Turnpike and Garden City Bulv. lot #92–93, purchase Price $3,000, $900 to be paid on *taken* of title balance of $2,000 *seler* to take back a mtg. for 3 years    " WM. OSTERMEYER

" Received Payment

through

New York Clearing House

Prior endorsements guaranteed

Jun 13 1929

Bank of the

Manhattan Company

Jamaica, N. Y.

W. A. RUSH, *Cashier*."

The defendants moved for a dismissal of the complaint. They say this note or memorandum is insufficient to constitute a com-

pliance with the Statute of Frauds. The sole alleged defect is that this memorandum does not disclose that the parties to the contract are the parties alleged in the complaint to have made the contract. A reading of it without reference to the claimed knowledge of the parties at the time of the transaction would indicate that the Bach Realty Corporation, the plaintiff, was the buyer, and that the seller was Ostermeyer, one of the defendants. The George Whiten Realty Corporation says that since its name does not appear upon the memorandum it may not be held to be a seller. The plaintiff relies upon allegations that Ostermeyer was a duly authorized agent and officer of the George Whiten Realty Corporation and purposes to establish that fact by parol. The defendant George Whiten Realty Corporation says that recourse to parol testimony for that purpose would violate the Statute of Frauds and run counter to *Mentz* v. *Newwitter* (122 N. Y. 491, 496). The memorandum in that case contained the name of Newwitter as the buyer and the name of Harnett as the apparent seller. The plaintiff Mentz claimed he was the principal and the real seller and that Harnett was his agent. Harnett was in fact an auctioneer who, on a sale, struck the property down to the defendant Newwitter as buyer. Reading the memorandum alone, it did not appear for whom Harnett was acting as seller, or whether he was acting for any one.

However, after an elaborate review of the English and New York decisions, the court held the memorandum was insufficient to satisfy the Statute of Frauds, that the sale was void, that Newwitter, the buyer, could not be held under that memorandum and that resort could not be had to parol evidence to show that Harnett was the agent of the plaintiff, Mentz, the owner of the property.

That case would seem to require the upholding of defendants' contention herein, so far as the defendant George Whiten Realty Corporation is concerned, as its position here as alleged seller is precisely the same as was the position of Mentz as seller in *Mentz* v. *Newwitter* (*supra*).

This court, however, has held to the contrary in *Byrne* v. *McDonough* (114 Misc. 529; affd., 198 App. Div. 908). There it was held that a writing, not under seal, signed for a principal whose name was not disclosed upon the paper, is sufficient under the Statute of Frauds upon proof of the agency of the individual who signed for that principal without disclosing the principal's name upon the paper. There the name of the principal was known to the other party, although it did not appear upon the memorandum. This court adheres to the result in that case.

When the Court of Appeals examined the question in *Mentz* v. *Newwitter* (*supra*), it did so without reference to the earlier decision

of *Dykers* v. *Townsend* (24 N. Y. 57, 61). That case concerned a memorandum like the one in the case at bar, where the individual who signed, so far as the memorandum disclosed, was acting for himself, but it was shown that he in fact was acting for another. What the court there said is curious in the light of the decision in *Mentz* v. *Newwitter* (*supra*): " It seems to have been too long and too well settled, that an action can be maintained against a principal upon a contract for the sale of goods made by an agent in his own name to be now changed, whatever we may have thought of it as an original question; and this, as well where the contract is within the Statute of Frauds as where it is not; and the Legislature, in the re-enactments of the statute, have not seen fit to make any change of the law in this respect. We think, therefore, that the court was right in treating these contracts as the contracts of the defendant."

*Dykers* v. *Townsend* (*supra*) was considered in *Langstroth* v. *Turner Cypress Lumber Co.* (162 App. Div. 818, 824). There the same situation existed. The memorandum was signed by an individual who was in fact an agent of a principal. In signing, however, the agent did not mention or sign for the principal, so that the paper did not reveal that he was acting for anybody other than himself. Parol proof of the relations of the parties and the dealings with each other, however, established that he was acting for a principal known at the time the memorandum was signed. It was held that the Statute of Frauds was not available as a defense. The earlier case of *Dykers* v. *Townsend* (*supra*) was relied on rather than the later case of *Mentz* v. *Newwitter* (*supra*). The *Langstroth* case was affirmed, without opinion, in 220 New York, 706. Thus it appears that the later case in that court, *Langstroth* v. *Turner Cypress Lumber Co.* (*supra*), holds that the agency of the individual signing the note or memorandum may be established by parol so as to bind a principal who is not mentioned in the note or memorandum which is so signed as to indicate that the agent is in fact the principal.

This holding seems to collide with *Mentz* v. *Newwitter* (122 N. Y. 491), but is in accord with *Dykers* v. *Townsend* (24 N. Y. 57). The memorandum in the *Mentz* case did not have the word " auctioneer " or " agent " after Harnett's name by way of excluding the notion that he was not acting for himself. An auctioneer is not prohibited from selling at auction property which he owns (*Moser* v. *Bankers' Surety Co.*, 109 App. Div. 172); therefore, an auctioneer may or may not be an agent, dependent upon the particular facts of a transaction. When Harnett signed the memorandum individually and not as agent or auctioneer, no presumption properly arose that he signed as either auctioneer

or agent, and the memorandum required on its face, because of there being no limiting words after his name, that it be declared an act importing personal responsibility of Harnett. The holding in that case can only be distinguished from *Dykers* v. *Townsend* (*supra*) by reading into the memorandum something that is not there, to wit, the word " agent " after the name " Harnett." It should be noted that there was an opinion in the *Mentz* case, while there was no opinion in the *Langstroth* case.

A different Statute of Frauds is involved in these two sets of cases. This furnishes no basis for a distinction between them. The language in each statute is the same so far as the question with which we are concerned is involved. In one (Real Prop. Law, § 259) the phrase is, " unless the contract  *  *  * is in writing, subscribed by the lessor or *grantor, or by his lawfully authorized agent,*" while the other (Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571, known as the Sales of Goods Act) says: " A contract to sell  *  *  * goods  *  *  * shall not be enforceable by action unless  *  *  * some note  *  *  * in writing of the contract  *  *  * be *signed by the party to be charged or his agent in that behalf.*"

In view of this state of the authorities, we follow the later decision as being more in accord with sound principle.

If, after the decision in the early case of *Dykers* v. *Townsend* (*supra*), the Legislature had desired to abrogate the rule in that case, it could by statute have required that the agency of one acting for a principal must be in writing, which is part of the effect of the decision in *Mentz* v. *Newwitter* (*supra*). The Legislature did not do so, and since the memorandum is sufficient on its face to constitute a compliance with the statute so far as the parties therein named are concerned, recourse to the general rule should be available to establish that either one or both of the parties acted for an undisclosed principal in respect to a contract not under seal. It may be that it would be sound public policy to require the agency of one acting for a principal, either as a buyer or a seller of real property or of personal property, to rest upon documentary evidence, but the Legislature has not so stated, and that is a matter within that body's province.

The memorandum complies with the Statute of Frauds, and, therefore, the order denying the motion of the appealing defendants for judgment dismissing the complaint for insufficiency should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., YOUNG, KAPPER and HAGARTY, JJ., concur.

Order denying motion for judgment dismissing complaint for insufficiency affirmed, with ten dollars costs and disbursements.