THE IRVMOR CORPORATION, Respondent, v. CHARLES RODEWALD, Appellant.

(Argued April 8, 1930; decided May 6, 1930.)

*Frederick W. Ritter* and *Henry Koch* for appellant. The instrument in writing upon which the plaintiff relies is void as a contract, note or memorandum because it is not signed at the bottom of such writing and, therefore, is not subscribed as required by the Statute of Frauds. (Real Property Law, § 259; *Bisgeier* v. *Keller,* 122 Misc. Rep. 705; *James* v. *Patten,* 6 N. Y. 9; *Coe* v. *Tough,* 116 N. Y. 273; *Herubin* v. *Malackowsky,* 113 Misc. Rep. 100; *Leask* v. *Horton,* 39 Misc. Rep. 144; *Matter of Griffin,* 56 Misc. Rep. 21; *Landeker* v. *Co-operative Building Bank,* 71 Misc. Rep. 517.) The writing upon which the plaintiff relies is merely a receipt and was not intended as a contract or a memorandum of a contract. (*Belbird Realty Corp.* v. *Wolfson,* 221 App. Div. 67; 248 N. Y. 615.)

*David M. Palley* for respondent. The memorandum was subscribed at the bottom or end thereof. (*Davis* v. *Shields,* 26 Wend. 341; *Velie* v. *Osgood,* 8 Barb. 130; *James* v. *Patten,* 6 N. Y. 9; *Tallman* v. *Franklin,* 14 N. Y. 584; *Doughty* v. *Manhattan Brass Co.,* 101 N. Y. 646; *Wright* v. *Weeks,* 25 N. Y. 153; *Peck* v. *Vandemark,* 99 N. Y. 30; *Coe* v. *Tough,* 116 N. Y. 273; *Marks* v. *Cowdin,* 226 N. Y. 138; *Le Long* v. *Siebrecht,* 196 App. Div. 74; *Straus & Co.* v. *Felson,* 216 App. Div. 431; *Dickson* v. *Conde,* 148 Ind. 279.) The Statute of Frauds does not define or describe the character of the paper in which there shall be set forth a memorandum of the terms of the contract. If a written memorandum containing all the terms of the oral contract exists, then the oral contract may be enforced. (*Hagedorn* v. *Lang,* 34 App. Div. 117; *Spencer Turner Co.* v. *Robinson,* 55 Misc. Rep. 280; *Belbird Realty Corp.* v. *Wolfson,* 221 App. Div. 67.)

CARDOZO, Ch. J. The complaint is for specific performance; the defense, the Statute of Frauds.

The defendant is the owner of real estate in Astoria, Long Island. He employed Haas, a broker, to find a willing buyer, naming $30,000 as the price. A few days later Haas brought the land to the notice of the plaintiff, and made in its behalf an offer of $25,000, which the defendant said he would accept. A formal contract was to be prepared afterwards at the plaintiff's place of business. In the meantime, the defendant signed his name to the following memorandum:

*" April* 12, 1926.

" Received from Charles A. Haas twenty five dollars as deposit on property Astoria Avenue, property to be three hundred and seventy six feet frontage on Astoria Avenue and running to a depth of about three hundred feet more or less. Price $25,000, twenty five thousand dollars, payable as follows: $2500 on signing of contract, $9500 on taking title, and balance first mortgage for five years standing. Contract to be for four months."

After an adjournment of the date of closing, the defendant, finding a better bargain, backed out of his agreement and refused to sign a contract. Judgment for specific performance has been given and affirmed.

We think the memorandum is insufficient to satisfy the statute. For present purposes we assume that the defendant, the seller, was correctly found to have subscribed the memorandum at the end (*300 West End Ave. Corp.* v. *Warner*, 250 N. Y. 221), though even this is disputed and may not be wholly free from doubt. The assumption does not help the buyer, for the memorandum, even if subscribed, is still lacking in essentials. Nowhere in the writing is there a description of any one who is to assume the obligations of a buyer. Haas is not stated to be the buyer, and was never understood to be one. He was a broker, working for a commission which, indeed, in another action he is trying to collect. He paid the " deposit " with the idea, no doubt, that he would thereby clinch the bargain. He had no thought that in so doing

he was taking upon himself as agent for an unnamed principal the duty of a purchaser. The most that can be said is that the memorandum on its face leaves his relation to the transaction equivocal or doubtful. The doubt, if any, is dispelled when we read what was written in the setting of what was said and done (*Mesibov, Glinert & Levy* v. *Cohen Bros. Mfg. Co.*, 245 N. Y. 305, 313; *N. E. D. Holding Co., Inc.*, v. *McKinley*, 246 N. Y. 40, 45). The inference is then inevitable that Haas was not a principal, either actual or apparent, nof subject as between himself and the seller to the obligations of a principal. From beginning to end, he was a broker and no more.

There is a settled rule of law that a note or memorandum of a contract for a sale of land must identify by name or description the parties to the transaction, a seller and a buyer (*Mentz* v. *Newwitter*, 122 N. Y. 491; *Ward* v. *Hasbrouck*, 169 N. Y. 407; *Grafton* v. *Cummings*, 99 U. S. 100; Williston on Sales, vol. 1, §§ 102, 105a; American Law Institute, Restatement of the Law of Contracts, § 203). If this is done, the memorandum does not fail of its effect though one who is described as principal or who assumes a principal's obligation is in truth an agent only. The authority of the agent may be snown by parol, and t ie principal for whom he acts, except indeed in cases where there is a contract under seal, may sue and be sued as if his name had been disclosed (*Dykers* v. *Townsend*, 24 N. Y. 57; *Langstroth* v. *Turner Cypress Lumber Co.*, 162 App. Div. 818; 220 N. Y. 706). Essential it remains, however, that the agent shall bind himself as principal, if the writing does not identify the principal behind him. The memorandum may be adequate though the agent is described as agent " provided the form of the contract purports to bind him personally " (Williston on Sales, § 105a, p. 197; Ibid, § 102). So at least we may assume. The memorandum is inadequate where by its terms the principal is not identified, and the agent, though his name is on the paper, is not there as a contracting party (Willis-

ton on Sales, *supra; Lovesy* v. *Palmer*, L. R. [1916], 2 Ch. 233; *McGovern* v. *Hern*, 153 Mass. 308; *Mertz* v. *Hubbard*, 75 Kan. 1; *Grafton* v. *Cummings, supra; Mentz* v. *Newwitter, supra;* 23 A. L. R. 932 and cases there cited).

The principles thus summarized are decisive of this case. We must beware of the confusion of thought that is inevitable if we are not careful to distinguish between a purpose to contract and an authority to sign. If Haas in the case at hand had expressed a purpose to contract, had identified himself in the memorandum as a party assuming the obligation of a buyer, there would be little trouble in extending the binding force of his engagement to the principal behind him, known or unknown. The difficulty is, however, that no such purpose was expressed or even at any time conceived. Haas did not describe himself as a buyer in the body of the writing. He did not sign it in any form, either as principal or as agent. A signature; though unnecessary (*300 West End Ave. Corp.* v. *Warner, supra*) would have tended to identify him as one of the contracting parties (*Dykers* v. *Townsend, supra*). He did not put himself forward in any such relation. " There was no moment of time at which that agent was * * * responsible for any contract whatever as his own " (YOUNGER, J., in *Lovesy* v. *Palmer, supra,* p. 243). Not for a moment was there representation or understanding that his relation to the bargain was other than that of a broker at work for a commission. On the face of the writing there is no agreement with any one (*Rodliff* v. *Dallinger*, 141 Mass. 1, 6; *Kelly A. B. Co.* v. *Barber A. P. Co.*, 211 N. Y. 68, 71). There is nothing more than an offer lanced into the void.

We have dwelt upon the omission to give the name of a vendee. The imperfection is emphasized by others which confirm the impression that something less is here than the note of a perfected bargain. Foremost among these tokens is the provision for a formal contract. The provision is not decisive that there are terms of agree-

ment to be settled in the future (*Sanders* v. *Pottlitzer Bros. Fruit Co.*, 144 N. Y. 209). It is none the less a circumstance pointing in that direction (*Brown* v. *N. Y. C. R. R. Co.*, 44 N. Y. 79, 86; *Ridgway* v. *Wharton*, 6 H. L. Cas. 238). Its significance may become controlling where there is confirmation in surrounding circumstances (*Belbird Realty Corp.* v. *Wolfson*, 221 App. Div. 67; 248 N.Y.615; *N. E. D. Holding Co., Inc.*, v. *McKinley, supra*). We see no reason to believe that this fragmentary memorandum, prepared by a mere broker and silent as to a vital matter, the identity of the buyer, was a definitive adjustment of all the details of the bargain.

The judgment of the Appellate Division and that of the Special Term should be reversed and the complaint dismissed, with costs in all courts.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.