LERAND CORPORATION, Respondent, *v.* SAMUEL MELTZER, Appellant.

(Argued April 18, 1935; decided May 21, 1935.

*James S. Hays, Milton Kunen* and *Arthur Kahr* for appellant.

*Warren M. Caro* and *Benjamin Reass* for respondent.

FINCH, J. This is an action for specific performance of an alleged contract to purchase real property.

Charles Wolf, a broker, was employed by one Leroy Rand to sell a residential property. Wolf negotiated with the defendant and received $500 from him. In return he gave the defendant a memorandum, signed by himself, reading as follows:

" *March* 4, 1932.

" Received from Samuel Meltzer the sum of Five hundred ($500.00) dollars on account of the purchase of property located at 335 Crown Street, Brooklyn, N. Y. Price being $12,000.00 subject to $7,500.00 first mortgage held by the Title Guarantee and Trust Company, contract to be drawn on Tuesday, March 8th, 1932, at 10 o'clock A. M., at the office of Mr. Arthur Kahr, 149 Broadway, N. Y. C. The balance of purchase price over first mortgage to be paid all in cash.

' CHARLES WOLF."

In order for the plaintiff to succeed, it is obviously necessary that the above memorandum should satisfy

the Statute of Frauds. This it does not do, for the reason that the memorandum does not identify Wolf as a contracting party. Nowhere in the memorandum does Wolf identify himself with the transaction otherwise than as the recipient of the sum of $500, for which he is giving a receipt on account of the purchase price. If, in addition to receipting for the money, Wolf had assumed to act as the seller, the memorandum would have been sufficient, because then it would have identified by name the parties to the transaction, namely, a seller and a buyer. (*Mentz* v. *Newwitter*, 122 N. Y. 491; American Law Institute, Restatement of the Law of Contracts, § 207.) In such a case, unless the contract is under seal, parol evidence may be introduced to show that one of the parties was acting as an agent for an undisclosed principal, and the latter may sue and be sued. (*Langstroth* v. *Turner Cypress Lumber Co.*, 162 App. Div. 818; affd., 220 N. Y. 706.) " Essential it remains, however, that the agent shall bind himself as principal, if the writing does not identify the principal behind him." (*Irvmor* v. *Rodewald*, 253 N. Y. 472, at p. 475.) In the case at bar the memorandum does not mention the name of the principal, nor does it bind the agent as a party to the contract. The only contracting party identified is the purchaser. The name of the seller is nowhere to be found. The memorandum, therefore, does not satisfy the Statute of Frauds (Real Prop. Law [Cons. Laws, ch. 50], § 259), and the defense that a contract for the sale of real property to be enforceable must be in writing and subscribed by the vendor or by a duly authorized agent is valid. (*Irvmor* v. *Rodewald, supra;* see *Ward* v. *Hasbrouck*, 169 N. Y. 407.)

It appears, moreover, that the plaintiff corporation had no dealings with Wolf and that the latter did not know of its existence, having dealt only with Leroy Rand as an individual.

In *Garvey* v. *Jarvis* (46 N. Y. 310, at p. 313) the court said: " It has been held, that where A does an act as

agent of B, without any communication with C, the latter cannot afterward, by adopting it, make A his agent, and thereby incur any liability or take any benefit under the act of A. (*Wilson* v. *Tumman*, 6 Mann. & Gran. 236.) "

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment accordingly.