MURRAY R. KARNAL, Plaintiff, v. ALEXANDER S. HOROVITZ et al., Defendants.

Supreme Court, Special Term, New York County, September 3, 1946.

852

*Edwin M. Slote* for defendants.

*Olesker & Silvan* for plaintiff.

BENVENGA, J. In this action for specific performance of a contract for the sale of real property, the corporate defendant moves to dismiss the complaint on the ground that the alleged contract is unenforcible under the Statute of Frauds.

The complaint sets forth two causes of action: the first against the defendant Horovitz, and the second against the corporate defendant. The first cause of action having been dismissed (see *Karnal* v. *Horovitz,* N. Y. L. J., Aug. 19, 1946, p. 289, col. 1), there remains for consideration the second cause of action. This cause of action alleges that the defendant corporation is the record owner of premises 49 West 72d Street; that, upon information and belief, Horovitz owns and controls the stock of that corporation; that the corporation authorized Horovitz to enter into an agreement for the sale of the property, and that Horovitz subscribed a memorandum thereof.

The alleged memorandum, subscribed '' A. S. Horovitz '', acknowledges the receipt from the plaintiff Karnal of the sum of $1,000 as deposit for the purchase of the property under the terms and conditions therein specified; it provides for the execution of a '' formal contract '' and the closing of title, and identifies by name the broker who brought about the sale.

The question presented is whether the memorandum satisfies the requirements of the Statute of Frauds (Real Property Law, § 259, as amd. by L. 1944, ch. 198), which declares void a contract for the sale of real property, unless the contract, or some memorandum thereof expressing the consideration, is in writing, " subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing."

In support of its contention that the memorandum does not satisfy the requirements of the statute, the moving defendant relies upon *Irvmor Corp.* v. *Rodewald* (253 N. Y. 472), *Lerand Corporation* v. *Meltzer* (267 N. Y. 343) and the Special Term decision in *Karnal* v. *Horovitz* (*supra*). That decision, upon the authority of the *Irvmor* and *Lerand* cases (*supra*), dismissed the complaint against Horovitz, holding the memorandum insufficient, inasmuch as it did not " identify " Horovitz as a contracting party. With that view I am not in accord.

The principles governing the decision of the question presented are thus summarized by CARDOZO, Ch. J., in the leading case of *Irvmor Corp.* v. *Rodewald* (pp. 475–476, *supra*): " There is a settled rule of law that a note or memorandum of a contract for a sale of land must identify by name or description the parties to the transaction, a seller and a buyer (*Mentz* v. *Newwitter,* 122 N. Y. 491; *Ward* v. *Hasbrouck,* 169 N. Y. 407; *Grafton* v. *Cummings,* 99 U. S. 100; Williston on Sales, vol. 1, §§ 102, 105a; American Law Institute, Restatement of the Law of Contracts, § 203). If this is done, the memorandum does not fail of its effect though one who is described as principal or who assumes a principal's obligation is in truth an agent only. The authority of the agent may be shown by parol, and the principal for whom he acts, except indeed in cases where there is a contract under seal, may sue and be sued as if his name had been disclosed (*Dykers* v. *Townsend,* 24 N. Y. 57; *Langstroth* v. *Turner Cypress Lumber Co.,* 162 App. Div. 818; 220 N. Y. 706). Essential it remains, however, that the agent shall bind himself as principal, if the writing does *not* identify the principal behind him. The memorandum may be adequate though the agent is described as agent ' provided the form of the contract purports to bind him personally ' (Williston on Sales, § 105a, p. 197; Ibid. § 102). So at least we may assume. The memorandum is inadequate where by its terms the principal is not identified, and the agent, though his name is on the paper, is not there as a contracting party (Williston on Sales, *supra; Lovesy* v. *Palmer,* L. R. [1916], 2 Ch. 233; *McGovern* v. *Hern,* 153 Mass. 308; *Mertz*

v. *Hubbard,* 75 Kan. 1; *Grafton* v. *Cummings, supra; Mentz* v. *Newwitter, supra;* 23 A. L. R. 932 and cases there cited).''

Tested by these principles, the memorandum in suit satisfies the requirements of the statute. Not only is the writing a receipt, it is also a memorandum of a contract for the purchase and sale of real property. It identifies the broker who brought about the sale, and identifies by name the parties to the transaction; that is, Karnal, the purchaser and Horovitz the '' party to be charged '' or the '' lawful agent '' of that party.

It is true that the memorandum is signed by Horovitz, in his own name, apparently as principal and not as agent. It is equally true that the name of the corporate defendant, the alleged undisclosed principal, does not appear on the writing. But that does not render the memorandum insufficient. Indeed, as long ago as *Dykers* v. *Townsend* (24 N. Y. 57), cited with approval in the *Irvmor* case *(supra),* it was held that a memorandum, subscribed by an agent, is sufficient to satisfy the requirements of the statute; the court declaring that that proposition was '' too long and too well settled  *  *  *  to be now changed '' (p. 61). This principle was reiterated in *Langstroth* v. *Turner Cypress Lumber Co.* (162 App. Div. 818, 824, affd. 220 N. Y. 706), cited with approval in both the *Irvmor* and *Lerand* cases *(supra).* (To the same effect, see *Bach Realty Corp.* v. *Whiten Realty Corp.,* 228 App. Div. 361, 364; *Byrne* v. *McDonough,* 114 Misc. 529, 531, affd. 198 App. Div. 908). As the *Irvmor* case (253 N. Y. 472, *supra*) points out, it is a sufficient compliance with the statutory requirement if the alleged agent binds himself as principal or assumes the obligations of a principal, even though the writing does not disclose or identify the principal behind him. The memorandum is insufficient only where the alleged agent, although his name is on the paper, '' is not there as a contracting party '' (*Irvmor Corp.* v. *Rodewald, supra,* p. 475). (In addition to the authorities cited in the *Irvmor* decision see *Dodge* v. *Blood,* 299 Mich. 364, Note, 138 A. L. R. 330; 37 C. J. S., Frauds, Statute of, § 193, subd. b; §§ 215, 282, subd. d.)

It is true that the writings involved in the *Irvmor* and *Lerand* cases *(supra)* were held insufficient; but that was because, tested by the principles enunciated in the *Irvmor* case (quoted *supra*), they did not satisfy the statutory requirements. In the *Irvmor* case *(supra)* the memorandum was subscribed by the defendant Rodewald, the owner of the property. It acknowledged the receipt from Haas of the sum of $25 as a deposit on the purchase of the property. According to the evidence, Haas was a real estate broker who had been employed by the defendant to find

a purchaser. As the court pointed out, Haas paid the deposit with the idea that he would thereby " clinch " the bargain. He was not a principal, actual or apparent; he was a broker, and no more. The name of the plaintiff, the alleged purchaser, did not appear in the memorandum. Nor was there any evidence that Haas, when he paid the deposit, did so as agent. Indeed, it would seem that Haas procured the writing first and negotiated with the plaintiff afterwards.

In the *Lerand* case (267 N. Y. 343, *supra*), the memorandum was signed by Wolf, a real estate broker. It acknowledged the receipt from the defendant Meltzer of the sum of $500, on account of the purchase of the property therein described. According to the evidence, Wolf was not employed by the plaintiff, the owner of the property. Indeed, Wolf had had no dealings with the plaintiff, and did not even know of its existence. As the court pointed out (p. 346), " the memorandum does not mention the name of the principal, nor does it bind the agent as a party to the contract. The only party identified is the purchaser. The name of the seller is nowhere to be found."

Obviously, the situation presented in the case at bar is radically different from that involved in the *Irvmor* and *Lerand* cases (*supra*). Here, Horovitz, who received $1,000 from the plaintiff as a deposit on account of the purchase price of the property described in the memorandum, subscribed the memorandum as a contracting party; according to the allegations of the complaint, as an agent for the corporate defendant, the undisclosed principal. That, under the rule " too long and too well settled " to be departed from, is a sufficient compliance with the statutory requirements.

It is contended that the complaint is insufficient because it does not allege that Horovitz was authorized by writing to enter into the agreement. This contention, though asserted, is not discussed. Nor does the defendant cite any case in support of his assertion. It suffices to say that the mere allegation that Horovitz was authorized to enter into the agreement, as the complaint here alleges, is sufficient. The presumption is that, as the statute requires that the agent be authorized by writing, the authorization is in writing (37 C. J. S., Frauds, Statute of, § 273, subd. b; *Butler* v. *Godley*, 51 Ga. App. 784). Whether it is or not is a matter of proof.

The motion to dismiss the complaint is therefore denied, with leave to answer the complaint within twenty days after the service of a copy of the order based on this decision. Submit order.