Aron Steuer, J.
The complaint, containing nine causes of action, is based on two written contracts. The first is a contract between defendants, Fonda Container Company, Inc. (hereinafter called “ Fonda”) and A. J. Schrafel Paper Corporation (hereinafter called “ Schrafel ”). It provides that for a period of 17 years Fonda will manufacture and sell to Schrafel, exclusively, a kind of container for ice cream called a “ Telescope ”. Fonda agree to make enough of these to meet Schrafel’s requirements, not to exceed 2,800 cartons a week. Schrafel agrees that it will purchase all of its requirements as represented by orders from its customer, Le Roy Foods Inc. (plaintiff’s assignor and hereinafter called “ Le Roy”), from Fonda.
The second contract is between Schrafel and Le Roy. By its terms Schrafel agrees to sell to Le Roy and Le Roy agrees to buy from Schrafel all the Telescopes Schrafel receives from Fonda pursuant to the other agreement. Le Roy agrees not to buy Telescopes from anyone else and Schrafel agrees not to sell Telescopes to anyone else.
In the first cause of action plaintiff sues Schrafel for breach of the second contract. The breach is in the failure of Schrafel to make deliveries as required by the contract. This cause of action is not under attack.
The second cause of action is against Fonda. It is alleged that in making the second contract Schrafel was the agent of Fonda and Fonda is sued for the same failure to deliver. Undoubtedly a party to a contract can sue the other party in interest even though the writing is signed by the latter’s agent *833 and the writing describes him as a principal (Irvmor Corp. v. Rodewald, 253 N. Y. 472). However,, the parties may agree on the form that the transaction is to take and, if, as here, the expression of that agreement is clear and unambiguous, it is final and incontestable, at least among themselves. Sehrafel in fact may have been a broker but where the parties chose to make him a principal, he is and remains a principal (St. Regis Paper Co. v. Hubbs & Hastings Paper Co., 235 N. Y. 30). Consequently, the second cause of action is invalid.
The third cause of action pleads that the agreements were entered into in the form that they were for the convenience of Fonda but that in fact the agreements were between Fonda and Le Boy. This is subject to the same defect as the second cause of action and must suffer the same fate. The same is true of the fourth cause of action which pleads that in making the first agreement Sehrafel was the agent of Le Boy.
The causes of action from the fifth to the ninth, inclusive, plead the contracts in the same respective ways as the preceding causes of action. Only the sixth cause of action pleads the contracts in accordance with the contract relationships expressed in them. In addition, they allege that defendant, Standard Packaging Corporation, owned all the stock of Fonda. They further allege that this defendant, through its control of Fonda, caused it to default on its contract by diverting proper labor and materials from the performance of this contract into other fields. The fifth cause of action also alleges that Standard was a joint venturer with Fonda. Presumably these causes of action sound in prima facie tort. For this purpose it would make no real difference what the contract relationships were as long as Le Boy had an interest in Fonda’s performance, which is properly alleged. The causes of action, however, fall short of properly alleging prima facie tort in that they fail to show the malevolent motive which is the essential of that cause of action. Begarded as actions based upon inducing a breach, they are also lacking. They do not allege that Fonda disavowed the contract but that it was rendered unable to perform.
The motion is consequently granted with leave to plaintiff to serve an amended complaint, if so advised, pleading the subject matter embraced in the sixth cause of action with such additional facts as are essential to a proper pleading.