Arthur Markewich, J.
Plaintiff moves for summary judgment on the first cause of action contained in the amended complaint, by which plaintiff seeks a declaration that the subject lease is unenforcible under the Statute of Frauds. Defendants cross-move for summary judgment dismissing the complaint.
Plaintiff relies on the proposition that a ‘1 memorandum is inadequate where by its terms the principal is not identified, and the agent, though his name is on the paper, is not there as a contracting party”. (Irvmor Corp. v. Rodewald, 253 N. Y. 472, 475.) The lease identifies the principal in part.
On defendants’ application for dismissal of the original complaint, the court .stated, in taking testimony of the first cause: “ The lease was made by an agent on behalf of a partially dis *291 closed principal whose identity was ascertainable. The agent is not bound. * * * In addition it does not appear from the lease that the agent was authorized in writing to make it. Plaintiff contends that the lease is void (Real Property Law, § 242). Nothing contained in the lease or complaint may be held as a matter of pleading to supply the element of written ratification of the agent’s authority.”
The lease was made on January 29, 1960. There is now submitted a copy of an authorization dated January 9, 1959, made part of defendants’ answer, which granted authority to Imperial House and Zachary Fisher, and that provides, in pertinent part, as follows: 1 2‘ For convenience in handling the future execution and delivery of leases * * * we hereby designate you and each of you to act as our agent for the purpose of executing and delivering all leases affecting apartments at said Imperial House premises and as such owners we hereby authorize you and each of you on our behalf to execute all such apartment leases in your name, as agent, and to deliver the same to the respective tenants entitled thereto.” While Imperial House is but the designation of the subject building, yet the lease is signed by Zachary Fisher. Whether the authorization was made on the date claimed should be left for trial; the original is not submitted. Both motions are denied.