H. M. WEILL COMPANY, Respondent, v. ALBERTINA D. CREVELING, Appellant.

First Department, December 31, 1917.

Real property — suit to compel specific performance of contract to give lease — memorandum of agreement too indefinite to support specific performance.

Suit for the specific performance of an agreement to make and deliver a long-time lease of real property. Written memorandum of alleged agreement to lease examined, and *held*, to be too vague and uncertain to support a suit for specific performance.

While parol evidence is admissible to explain ambiguities in a written memorandum and to explain the meaning of terms actually employed, it cannot be resorted to in order to supply an agreement with respect to matters concerning which there has been no meeting of the minds.

A provision of the memorandum for a renewal of the lease "at a reappraisal of 5% of the value at that time by experts" is insufficient to enable a court of equity to write a lease expressing the intention of the parties, as there is no provision as to who should select the experts, or how many experts there should be, or what should happen if the experts did not agree, and parol evidence is not admissible to show the intention of the parties as to these matters.

So, too, a provision that the plaintiff is "to improve the said property to the extent of no less than $10,000," is too indefinite and uncertain to enable equity to decree specific performance of the contract to repair.

APPEAL by the defendant, Albertina D. Creveling, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of July, 1917, denying defendant's motion for judgment on the pleadings consisting of a complaint and answer.

*Percival C. Smith* of counsel [*Lyon & Smith,* attorneys], for the appellant.

*Sidney Rossman,* for the respondent.

SHEARN, J.:

The cause of action alleged is for the specific performance of an agreement to make and deliver a lease for twenty-one years on certain real property, pursuant to a written memorandum signed by the defendant and reciting a consideration of one dollar. The memorandum in question is as follows:

"*Feb.* 13, 1917.

" For the consideration of One Dollar to me in hand paid by the H. M. Weill Co. I agree to deliver to the H. M. Weill a lease for 21 years on property No. 243 West 55th, Manhattan, on the following terms: Rent to be for the first (2) years $2,600 gross rental. (3) years at $3,000 net rental. 5 Years at the rate of $4,000 net rental and 11 years at a reappraisal of 5% * * * but never to be less than $4,000 net rental. A further renewal of (21) years to be granted after the expiration of the first term at a reappraisal of 5% of the value at that time by experts. The H. M. Weill Co. to improve the said property to the extent of no less than $10,000. The rent to begin March 1, 1917.
" Witness.                (Sgd.) A. D. CREVELING,
                    " 145 W. 4th Street,
                        " N. Y. City."

This memorandum is not a lease. Not only does it omit numerous clauses which are commonly considered necessary in a long lease of real property, but it does not purport to pass any interest in real property or create any estate therein. The loose manner in which it is drawn and its general informality

indicates that it is merely a preliminary memorandum to be embodied later in a formal lease which should state more fully and precisely the intentions of the parties. Indeed, the 5th paragraph of the complaint so alleges. The question is whether the agreement is sufficiently definite to be enforced specifically. With this memorandum before it, could the court write a lease to express the plain agreement of the parties, so as to embody the same in a decree? It is conceded, as it must necessarily be, that this could not be done without taking testimony to establish the intentions of the parties. Such evidence would be admissible to explain ambiguities in the memorandum, to explain the meaning of the terms actually employed, but of course cannot be resorted to in order to supply an agreement with respect to matters concerning which there had been no meeting of the minds.

With respect to the rental for the first ten years, specified as follows: " Rent to be for the first (2) years, $2,600 gross rental. (3) years at $3,000 net rental. 5 Years at the rate of $4,000 net rental," there is no insuperable difficulty, for it is claimed that these expressions " net rental " and " gross rental " have a definite and well-understood meaning in the real estate trade, and, if this be so, the fact could be established by evidence which would make the terms sufficiently definite. The complaint does not allege that the expressions have a definite and well-understood meaning in the real estate trade, but that could be cured by amendment.

The provision with respect to the rental for the ensuing eleven years is utterly vague and uncertain. It provides: " 11 years at a reappraisal of 5% * * * but never to be less than $4,000 net rental." What is to be " reappraised " at five per cent is not specified. Assuming that this means that the property itself is to be appraised and the rent fixed at five per cent per annum of the appraised value, it is not specified whether this rental is to be gross or not, and there is no provision whatever as to how the appraisal should be made. Plaintiff contends that inasmuch as the memorandum provides for a renewal of twenty-one years " at a reappraisal of 5% of the value at that time by experts," it may be fairly said that the parties intended, or at least that evidence might be received to show that they intended,

that the appraisal for the eleven years was to be made by experts. But even if this were so, there is in connection with the renewal clause no provision whatever as to who should select the experts, how many experts there should be, or what should happen if the experts did not agree. Evidence could not be received to show the agreement or intention of the parties as to these matters, for this is not an ambiguity but is a plain case of supplying an agreement where none was made. A similar difficulty exists with respect to the twenty-one-year renewal clause.

Finally, there is the important provision: "The H. M. Weill Co. to improve the said property to the extent of no less than $10,000." This is not within the exception to the general rule that equity will not decree specific performance of contracts to repair and improve property (4 Pom. Eq. Juris. [3d ed.] 2765, § 1402, note), for it is too indefinite and uncertain. There is nothing to show when this expenditure was to be made, and, assuming that it was to be within a reasonable time, there is nothing to show the nature or character of the improvements to be made, or the use that was to be made of the building, or how it was to be improved, or as to who should be the judge of the manner, character or quality of the improvements. We are forced to the conclusion that this memorandum constitutes nothing but an agreement to agree, and is, therefore, unenforcible by specific performance. To compel the defendant to deliver an instrument containing such vague and uncertain provisions as are called for by this memorandum would be merely to invite years of litigation.

The order denying the defendant's motion for judgment on the pleadings should be reversed, with ten dollars costs, and the motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, SCOTT and DOWLING, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.