HENRI ANTOVILLE, Respondent, *v.* MARIE BERNARD, Appellant, Impleaded with ONYX IMPROVEMENT CORPORATION, Defendant.

First Department, April 8, 1927.

**Landlord and tenant — action for specific performance of memorandum of lease — memorandum too vague and indefinite — complaint dismissed.**

In an action for the specific performance of an alleged memorandum of a lease, defendant's motion for judgment on the pleadings, dismissing the complaint, should have been granted, for the memorandum is too vague and indefinite, since, after reciting a deposit on a " lease for store & part basement " and further providing that " This is binding as far as the store is concerned," it failed to state the time of the commencement of the lease or the time or method of payment of the rent, and contained none of the clauses customarily used in leases of business property in the city of New York.

APPEAL by the defendant, Marie Bernard, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of August, 1926, denying the said defendant's motion for judgment on the pleadings dismissing the complaint.

*Goodman Block* of counsel [*Max J. Finkelstein,* attorney], for the appellant.

*Chester E. Frankel,* for the respondent.

PER CURIAM. Plaintiff sues specifically to enforce as a contract a paper reading:

" *May* 8 /26

" Received from H. Antoville one hundred dollars deposit on lease for store & part basement 787 Mad. Ave. at 4500 for 5 yrs. $5500 for five years and $7000 for balance of term of lease of building, Tenant shall have option to purchase lease on July 1 /27 if not previously sold for higher sum for the sum of $26000, cash less mortgage then on lease.

" This is binding as far as the store is concerned.

" MARIE BERNARD
" HENRI ANTOVILLE."

Defendant appeals from an order denying the motion for judgment on the pleadings dismissing the complaint for failure to state a cause of action by reason of the insufficiency of the memorandum. The memorandum fails to state the time of the commencement of the lease or the time or method of payment of the rent. It contains none of the clauses customarily used in leases of business property in the heart of the city of New York.

It is indefinite as to what part of the basement it covers. The clause "This is binding as far as the store is concerned" impliedly signifies that the memorandum is not otherwise binding. It follows that the parties did not regard it as binding with respect to the basement, and there is no basis for apportionment of the stated rental between store and basement. The memorandum is too vague and indefinite to be treated as an agreement capable of specific enforcement. (*Weill Co.* v. *Creveling*, 181 App. Div. 282; *Pollak* v. *Dapper*, 219 id. 455; *Ansorge* v. *Kane*, 244 N. Y. 395.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

Present — DOWLING, P. J., MERRELL, McAVOY, MARTIN and PROSKAUER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.