Dobe, J.
By the judgment appealed from, defendant, owner of the premises in question, has a mandatory injunction in plaintiff’s favor against defendant compelling defendant to execute and deliver a twenty-one-year lease “ in form satisfactory to the tenant ”, (plaintiff herein) and further enjoining defendant from using its own property for any purpose other than such lease for twenty-one years. Defendant appeals.
The order and judgment directing specific performance was made after a reference to an official referee appointed to hear and determine. An option agreement made between the parties in October, 1946, has been held to be enforcible so as to compel defendant to execute the twenty-one-year lease. By the terms of the written memorandum, defendant, the owner in consideration of a down payment of $200 gave plaintiff, the proposed tenant, an option to rent the premises for twenty-one years subject to a $55,000 mortgage. Defendant by letter dated February 4,1946, made tender to plaintiff of the $200 down payment.
Before the drastic relief herein granted by a mandate that may be enforced by contempt is approved, it is elementary that the contract must be established by satisfactory proof and the memorandum to satisfy the Statute of Frauds (Real Property Law, § 259) must contain the terms of a concluded contract on all the essential terms of the twenty-one-year lease. It is not enough that a note or memorandum has been signed leaving essential terms for future negotiations “ in terms satisfactory ’" to one side (Poel v. Brunswick-Balke-Collender Co., 216 N. Y. 310; Weill Co. v. Creveling, 181 App. Div. 282 [1st Dept.]; Textile Capitol Building Corp. v. Wendel Foundation, 253 App. Div. 332, affd. 279 N. Y. 769).
*404 We think the alleged option is unenforcible as it lacks mutuality of obligation and is plainly insufficient to satisfy the applicable Statute of Frauds.
The option memorandum refers to “ a lease containing the above terms ” [i.e., the few terms mentioned in the option] “ and in form satisfactory to the tenant.” (Italics supplied.) The “ and ” indicates further terms in addition to the “ above terms ” in the memorandum. Thus the tenant could consider it was not bound until the lease had been expressly approved by the tenant and its lawyer, and at the hearing that is precisely what the tenant said.
Anyone familiar with a twenty-one-year lease should know it would have to contain many important clauses and terms not expressly set forth in the brief memorandum or option relied on. To draw such clauses ‘ ‘ in form satisfactory to the tenant ’ ’ would involve many matters substantially affecting the rights of both parties. Thus the usual twenty-one-year lease provides expressly what is to happen to any improvements that are placed upon the property by the tenant during the long term. There is no mention of such provision in the memorandum and the tenant in order that the form of the lease is ‘1 satisfactory ’ ’ to it, may require that all such improvements remain the permanent property of the tenant. The landlord has not agreed to any such terms or conditions in the option. Also nothing is said about assignment or subletting or whether such may be made without the landlord’s consent. This clearly affects the responsibility of the lessee on which the landlord is to rely for payment and full performance over a twenty-one-year period and is vital to the landlord’s protection. To be “ in form satisfactory to the tenant ”, the tenant may insist that it may sublet or assign without the landlord’s consent. To this crucial term the parties in the memorandum have made no agreement. Further, nothing is said as to who is to make repairs, interior or exterior or both, during the long term to be demised. These are only a few of the terms of a twenty-one-year lease that are not even mentioned in the brief option agreement herein.
Moreover, on the argument neither side could agree as to the significance or purpose of the very unusual provision requiring payment of $30,000 on the exercise of the option, whether it was to be security or what it was intended for.
If the tenant did not get terms “ satisfactory ” to it, the tenant could refuse to execute the lease until the terms were made “ satisfactory ” to it and its lawyer as the tenant in fact testified at the hearing. But if both sides are not bound, neither is *405 bound. This decree coerces the landlord to draw a lease that is in form “ satisfactory ” to the other side and to be bound by it for twenty-one years although numerous essential terms of such lease are not agreed, upon or even mentioned in the option.
The hearing indicates that what happened was what might be expected to happen when an effort to draw such a lease was made on a scant memorandum such as the one before us. The parties could not agree at all on terms essential to the lease.
The memorandum is in our opinion obviously insufficient to satisfy the Statute of Frauds; it lacks mutuality and clearly is the type of thing that does not justify against defendant landlord the drastic judgment herein appealed from. Not met is the essential test, whether the offer by one party and acceptance by the other demonstrate that the minds of both met as to all salient terms of the contract mutually binding both sides leaving no essential term to future agreement.
The judgment appealed from directing specific performance should be reversed and the complaint dismissed, with costs and disbursements to appellant.