SAMUEL COHEN et al., Respondents, v. ALFRED L. KASKEL et al., Appellants.— Action to recover the unpaid balance of the purchase price of real property and for damages for fraud. Order denying defendants' motion to dismiss the first cause as barred by the Statute of Frauds and because of the pendency of another action, and to dismiss the second cause for insufficiency modified on the law by striking from the ordering paragraph all that follows the word "denied" and by adding thereto "as to the first cause of action and granted as to the second cause of action." As so modified the order is affirmed, with $10 costs and disbursements to appellants. In the light of our determination in *Cohen* v. *Kaskel,* Appeal No. 2 (*ante,* p. 992), decided herewith, there is no other pending action. In the second cause it is alleged that the defendants, by virtue of fraudulent representations induced the plaintiffs to forego reduction of the agreement to writing. No injury has been sustained by the plaintiffs by reason thereof. Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ., concur. [See 281 App. Div. 698.]

FLORENCE DUFFY, Respondent, v. EUGENE BENJAMIN et al., Appellants, et al., Defendants.— In an action to compel specific performance of a contract for the purchase and sale of real property, appellants (vendors) moved for judgment on the pleadings and to cancel the *lis pendens* on the ground that the writings relied on by plaintiff were insufficient to satisfy the Statute of Frauds. (Real Property Law, § 259.) Order denying motion reversed on the law, with $10 costs and disbursements, and motion granted, without costs. A contract whereby a vendor agrees to sell twenty acres out of a total of 57.93 acres of land which he owns, without other identification of the twenty acres intended, is so indefinite in its description of the land as to be insufficient to satisfy the requirements of the Statute of Frauds. (*Cooley* v. *Lobdell,* 153 N. Y. 596; and cases collated in 23 A. L. R. 2d 84–85.) Moreover, the memoranda relied on are incomplete, in that they do not disclose the names of the vendors or any description of them sufficient for identification. (*Lerand Corp.* v. *Meltzer,* 267 N. Y. 343; *Mentz* v. *Newwitter,* 122 N. Y. 491.) Nolan, P. J., Carswell, Johnston and MacCrate, JJ., concur; Wenzel, J., concurs solely on the ground that there is an inadequate description or identification of the vendors.

HUGH FOX, an Infant, by AGNES O'ROURKE, His Guardian ad Litem, et al., Respondents, v. MISSION OF THE IMMACULATE VIRGIN FOR THE PROTECTION OF HOMELESS AND DESTITUTE CHILDREN, Appellant.— Action to recover damages for personal injuries sustained by the infant plaintiff while an inmate of defendant, to which he had been committed by the department of welfare of the city of New York, and by his mother for loss of services and for expenses. Defendant appeals from an order denying its motion to dismiss the two causes of action set forth in the complaint, pursuant to rule 106 of the Rules of Civil Practice, on the ground that neither states facts sufficient to constitute a cause of action. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Johnston, Wenzel and MacCrate, JJ., concur. [202 Misc. 478.]