FRANCIS MORAN, Appellant, v. ALBERT CRYAN, Respondent.— Appeal by plaintiff from an order in a personal injury action which denied a motion to compel the defendant to submit to further examination before trial and to divulge the names of witnesses not shown to have been in the employ of defendant or under his control at the time of the accident or thereafter, or to have had any connection with the accident. Order affirmed, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FELIX DARCY, Appellant.— Defendant appeals from a judgment of the Court of Special Sessions of the City of New York, Borough of Queens, convicting him of the crime of book-making (Penal Law, § 986), and from the sentence thereon. Judgment reversed on the law and information dismissed on the ground that the evidence is insufficient to establish defendant's guilt beyond a reasonable doubt. The findings of fact are affirmed. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Schmidt and Beldock, JJ., concur. Adel and MacCrate, JJ., dissent and vote to affirm.

■

CATHERINE SCHERB et al., Appellants, v. JOHN HOFFMAN et al., Respondents. — Action by plaintiff Catherine Scherb to recover damages for personal injuries sustained when the car of defendant Hoffman, in which said plaintiff was a passenger, was struck by the car of defendants Woods, and by her husband for medical expenses and loss of services. Plaintiffs appeal from the judgment entered on the verdict of the jury in favor of defendants. Judgment unanimously affirmed, with costs. No opinion. Present — Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.

■

SLAVIT FURNITURE COMPANY, INC., Appellant, v. DAVID EISENBERG et al., Respondents.— In an action for damages arising out of defendants' failure to give plaintiff possession of certain premises allegedly leased by defendants to plaintiff, the appeal is from an order granting defendants' motion for judgment on the pleadings and from the judgment entered thereon. Order and judgment unanimously affirmed, with $10 costs and disbursements. The writing upon which plaintiff relies, as admitted in its bill of particulars, did not contain all the essential terms agreed upon by the parties, and so was unenforcible under the Statute of Frauds. (Wright v. Weeks, 25 N. Y. 153; Antoville v. Bernard, 220 App. Div. 210; Weisz v. R. M. K. Realty Corp., 68 N. Y. S. 2d 533, affd. 273 App. Div. 781.) Present — Nolan, P. J., Wenzel, MacCrate, Beldock and Murphy, JJ.