Benjamin Brenner, J.
In this action the plaintiffs vendees' seek to compel specific performance of an asserted agreement for the sale of a house to them. Defendant vendor moves to dismiss the complaint upon the ground that ‘ ‘ the contract # * * is unenforcible under the provisions of the statute of frauds ” and subdivision 7 of rule 107 of the Buies of Civil Practice.
The memorandum relied on by plaintiffs, and signed by the defendant, reads as follows:
“ Sep 9 — 1959
Beceived $100 dep on parcel 6013-6017 — 13th Ave as agreed price $22,000 subject to contract.”
Defendant contends that the failure of the writing to identify the purchasers, by name or otherwise, renders the purported agreement void. He calls attention to the complete absence of their names, or other description, as identifiable parties to the agreement and as the purchasers thereunder.
It is the “ settled rule of law that a note or memorandum of a contract for sale of land must identify by name or description the parties to the transaction, a seller and a buyer ” (Irvmor Corp. v. Rodewald, 253 N. Y. 472, 475; Ann. 70 A. L. R. 192, 196, 199) and section 259 of the Beal Property Law provides that a contract for the sale of real property is void “ unless the contract, or some note or memorandum thereof * * * is in writing * * However, the “ note or memorandum thereof, ’ ’ as recited in the statute, ‘ ‘ must be such that when it is produced in evidence it will inform the court or jury of the essential facts set forth in the pleading, and which go to make a valid contract ” (Mentiz v. Newwitter, 122 N. Y. 491, 498). In the latter case the court held that the “ essentials to make a complete agreement must consist of the subject-matter of the sale, the terms and the names, or a description of the parties ” (supra, p. 498), stating further that: “ Such essentials must appear without the aid of parol proof, either from the memorandum itself or from a reference therein to some other writing or thing ” (supra, p. 498). The rule has been reaffirmed and followed without variation (Lerand Corp. v. Meltzer, 267 N. Y. 343; Perlman v. Bartom Realty Corp., 97 N. Y. S. 2d 699; Raho v. De Vito, 69 N. Y. S. 2d 619; see, also, Duffy v. Benjamin, 280 App. Div. 993; Slavit Furniture Co. v. Eisenberg, 129 N. Y. S. 2d 18 [Brenner, J.], affd. 284 App. Div. 1052).
While other objections to the validity of the instrument are without substance, “ As the parties were dealing in the city of New York, the legal inference is that the contract refers to *175 land there. * * * That the contract provides for the execution of a more formal contract does not detract from it ’ ’ (Pelletreau v. Brennan, 113 App. Div. 806, 807), the failure to identify the purchasers therein renders the agreement void.
Motion to dismiss the complaint is granted. Settle order on notice.