■ JOHN J. ZENNA, Respondent, v. ST. VINCENT'S HOSPITAL OF THE CITY OF NEW YORK, Appellant.— In a negligence action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Queens County, dated December 7, 1960, as grants plaintiff's motion for reargument of the defendant's motion to modify the plaintiff's notice of examination before trial and, on reargument, directs the defendant to give testimony concerning the full names and addresses of the patients, other than the plaintiff, who occupied a designated room in the defendant's hospital on August 5, 1959 and August 6, 1959. Order insofar as appealed from modified so as to strike out the provision directing the defendant to give testimony as to the full names and addresses of said patients. As so modified, order affirmed, without costs. The plaintiff was admitted to the defendant's hospital on August 5, 1959, following an injury to his left thumb. On the same date a doctor, assigned and selected by defendant, performed a surgical operation upon plaintiff. The plaintiff claims that, early the next morning, while disoriented and groggy as a result of the operative anaesthesia, he was caused to fall out of the right side of the bed which did not have a side rail. Apparently on the trial the plaintiff will contend that there was negligence in failing to attach a side board, in supplying a defective bed, and in failing to catheterize him after the operation despite a doctor's and nurse's directions for such catheterization, and that he fell while attempting to go to urinate. Plaintiff states that, so far as he can determine, the only eyewitnesses to the accident were the four patients who occupied beds in the same hospital room. He knows the last names of these patients but he does not know their full names or addresses. The affidavit in opposition to the defendant's motion

to modify plaintiff's examination notice was verified by one of the plaintiff's attorneys. No affidavit by the plaintiff himself was submitted. The pertinent allegations in the verified complaint were not made on information and belief. Assuming *arguendo* that, in a proper case, Special Term, in the exercise of its discretion, may direct a defendant to give testimony before trial as to the names and addresses of witnesses not in his employ or under his control at the time of the accident or thereafter, or who had an important connection with the accident (see, e.g., *McMahon* v. *Hayes—73rd Corp.*, 197 Misc. 318; cf. *Pistana* v. *Pangburn*, 2 A D 2d 643), the record here does not bring this case within the special circumstances wherein Special Term could properly exercise its discretion in favor of the plaintiff (see, e.g., *Moran* v. *Cryan*, 284 App. Div. 1052). Moreover, the purpose of an examination before trial is to elicit testimony which is material and necessary, and not to gain information as to who might be called as witnesses (Civ. Prac. Act, § 288; *Gavin* v. *New York Contr. Co.*, 122 App. Div. 643). Examination before trial is limited to the instances of express statutory authorization (*Lipsey* v. *940 St. Nicholas Ave. Corp.*, 12 A D 2d 414; *Matter of Corporation Counsel of City of N. Y.* v. *Smith*, 1 N Y 2d 813; *Carey* v. *Standard Brands*, 12 A D 2d 233). Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.