Philip S. Woodward, J.
This is an action to dispossess a tenant by summary proceedings. The landlord, Elsie Strahlmann, claims that the tenant, Neil Anderson, is a monthly tenant, paying rent on the first of each month, who remains in possession after being notified more than 30 days previously that he should vacate the premises November 1, 1968.
*964 The tenant claims that he should be allowed to remain in possession under a lease for a term of two years expiring December 1, 1969, under which he has paid monthly rent which is not in default.
The lease, dated November 4,1967, is written on the letterhead of a real estate broker, Margaret R. Bryant, who prepared the lease. It is signed by the landlord and by the tenant. The lease provides:
“ Mrs. Elsie Strahlmann agrees to rent to Neil Anderson her home on DePalma Ave. in Highland Mills from Dec. 1, 1967 to Dec. 1,1969.
“ (1) Mrs. Strahlmann will pay water bill. (2) No dogs will be allowed. (3) Mr. Anderson will pay for any damages done to the house inside or out. (4) Any improvements done inside or outside of the house will be paid by Mr. Anderson with no cost to Mrs. Strahlmann. (5) If, at the end of two years there is a consideration to sell the house Mr. Anderson would have first refusal (after daughter of owner) for $26,600- or any other agreed price.”
The lease is defective. It fails to state the amount of the rent or the time of payment. On these points there is no dispute. However, the tenant has been paying rent regularly on the first of each month from December 1, 1967, and such rent has been accepted by the landlord. Nevertheless, the lease, in failing to state this essential part of a contract for the letting of real property, falls within the ‘ ‘ iStatute of Frauds ’ ’ which is contained in article 5, title 7 (§§ 5-701 — 5-705) of the General Obligations Law. (Antoville v. Bernard, 220 App. Div. 210 [1st Dept., 19-27].)
A written lease for more than one year lacking provisions about the rent is ordinarily unenforceable under the Statute of Frauds, but, if there has been partial performance of the contract, an oral agreement to lease real property for more than one year is enforceable because the parties by their conduct have made their meaning definite and precise, as though they had committed it to writing. (Wahl v. Barnum, 116 N. Y. 87 [1889].)
This lease has been performed to the extent that the tenant entered into possession and has paid rent regularly for one year although there was no proof about payment by the tenant of water bill, absence of dogs or repairs or improvements. Neither was there any proof of dissatisfaction by the landlord with the conduct of the tenant in regard to any of the requirements of the lease.
*965 In general, the courts have held that the entry of a tenant into possession and payment of rent under an oral lease are insufficient to constitute partial performance of the lease which will avoid the operation of the Statute of Frauds, unless these acts are unequivocally referable to the contract which is sought to be enforced. (See Burns v. McCormick, 233 N. Y. 230 [1922].)
Entry into possession and payment of rent has been held not to be so related to an oral agreement for a lease where there was no written memorandum whatever. (Taylor v. Creary, 5 A D 2d 876 [2d Dept., 1958].) But I have found no case dealing with the question here presented whether entry into possession and payment of rent is sufficiently related to a written memorandum of a lease which lacks merely a provision as to the amount and time of payment of rent.
In my opinion, the conduct of the parties in this case is clearly and unequivocally related to the written memorandum dated November 4, 1967, because the tenant in taking possession and paying rent, and the landlord in accepting the performance of the tenant, did so with relation to this memorandum and not with reference to any other agreement. There was no testimony whatever as to negotiations for any monthly tenancy or any other contract except the written memorandum.
By reason of its partial performance this lease is therefore an enforceable lease. The tenant is entitled to remain in possession until the expiration of the lease if he continues to perform it according to its terms. The petition is dismissed.